## WARRING v. HUFF.
### No. 7879.

United States Court of Appeals for the District of Columbia.

Decided July 29, 1941.

Writ of Certiorari Denied Nov. 10, 1941.

See —— U.S. ——, 62 S.Ct. 183, 86 L.Ed. ——.

Myron G. Ehrlich, of Washington, D. C., for appellant.

Dennis McCarthy, Asst. U. S. Atty. (Edward M. Curran, U. S. Atty., John W. Fihelly and Charles B. Murray, Asst. U. S. Attys., all of Washington, D. C., on the brief), for appellee.

Before VINSON, EDGERTON, and RUTLEDGE, Associate Justices.

VINSON, Associate Justice.

This is an appeal from the District Court's discharge of a writ of habeas corpus.

Appellant was convicted and sentenced upon pleas of guilty to four charges of criminal contempt and one of criminal conspiracy. We are presently concerned only with the two contempt sentences which individually were for one year and one month, to run consecutively. Appellant contends that these sentences are void and that having served sufficient time to take care of the criminal conspiracy and the other two contempt sentences, he should be discharged.

We give a synopsis of appellant's argument that the two contempt sentences are void. Criminal contempt is an "offense" and a "crime" against the United States. Each sentence was for more than a year. The Criminal Code for the United States provides: "All offenses which may be punished by death or imprisonment for a term exceeding one year shall be deemed felonies."[1] Thus these criminal contempts are felonies. In another statute this provision is found: "In imposing sentence on a person convicted in the District of Columbia of a felony, the justice or judge of the court imposing such sentence shall sentence the person for a maximum period, not exceeding the maximum fixed by law, and for a minimum period not exceeding one-fifth of the maximum period fixed by law, * * *".[2] Thus there must be a maximum and a minimum sentence imposed for each of these contempt felonies. This was not done; therefore the sentences are void.

The question that we choose to decide is whether the Indeterminate Sentence Act is applicable to a criminal contempt conviction. The Act applies when sentence is being imposed for a felony, but we see no advantage in rehashing the discussions on whether criminal contempt is sui generis, offense, crime, or felony. Criminal contempts are criminal contempts; some of the procedural and substantive law applied to criminal contempts is as though they were crimes;[3] and some of it is not.[4] We can assume that the Indeterminate Sentence Act is applicable as far as this "felony" point goes.[5] In other words we can assume that the Act says offense and we can

---

[1] 18 U.S.C.A. § 541.

[2] D.C.Code, Supp. V, Tit. 6, § 453.

[3] United States v. Goldman, 277 U.S. 229, 48 S.Ct. 486, 72 L.Ed. 862; Ex parte Grossman, 267 U.S. 87, 45 S.Ct. 332, 69 L.Ed. 527, 38 A.L.R. 131; Michaelson v. United States, 266 U.S. 42, 45 S.Ct. 18, 69 L.Ed. 162, 35 A.L.R. 451; Gompers v. United States, 233 U.S. 604, 34 S.Ct. 693, 58 L.Ed. 1115, Ann.Cas.1915D, 1044; Creekmore v. United States, 8 Cir., 237 F. 743, L.R.A.1917C, 845.

[4] Myers v. United States, 264 U.S. 95, 44 S.Ct. 272, 68 L.Ed. 577; Merchants' Stock & Grain Co. v. Board of Trade, 8 Cir., 201 F. 20.

[5] The provision in the Criminal Code making offenses which may carry sentences of more than a year felonies, is, probably inapplicable to criminal contempts. All contempts potentially carry a sentence for more than a year. "The said courts shall have power to impose and administer all necessary oaths, and to punish, by fine or imprisonment, at the discretion of the court, contempts of their

assume that the commission of a criminal contempt is an offense.

The question then is, was the Act intended to cover this type of offense, or even, can it be made applicable. Second degree murder is indisputably a felony. Nonetheless the Indeterminate Sentence Act was held inapplicable to that felony.[6] That is because it is impossible to take one-fifth of the maximum sentence, life, to obtain the greatest minimum sentence under the Indeterminate Sentence Act. To use the comparative where it should not be used, it is "more impossible" here. First, the contempt statute sets no maximum, not even an indefinite one such as life; the maximum is the non-arbitrary discretion of the trial judge. Second, one could make some sort of an argument around the 20 year minimum under the second degree murder statute; the minimum here is again the non-arbitrary discretion of the trial judge.

In the second degree murder case the minimum sentence under the Indeterminate Sentence Act could not be computed. Here that is not only true, but we cannot believe that the Indeterminate Sentence Act ought, or was intended,[7] to apply.

Affirmed.

authority." 28 U.S.C.A. § 385. It is improbable that the Code provision was meant to apply to any and all contempts, particularly in view of all the repercussion of the felon label for the convicted.

[6] Anderson v. Rives, 66 App.D.C. 174, 85 F.2d 673. The Indeterminate Sentence Act has been amended by adding a provision applicable to sentences for life. 54 Stat. 242, D.C.Code 1940, § 24—201 et seq. It was said in that case that even if the sentence were void under the Indeterminate Sentence Act, the court would remand with directions to resentence. The same would be true here. See, for example, In re Bonner, 151 U.S. 242, 14 S. Ct. 323, 38 L.Ed. 149.

[7] The Congressional history does not reveal any mention of the possibility that the Indeterminate Sentence Act was to apply to criminal contempts.