**UNITED STATES v. THOMPSON.**
No. 271, Docket 22984.

United States Court of Appeals,
Second Circuit.

Argued June 8, 1954.
Decided July 6, 1954.

Mary M. Kaufman and Robert Z. Lewis, New York City, for appellant.

J. Edward Lumbard, U. S. Atty., New York City (Lloyd F. MacMahon, New York City, James B. Kilsheimer III, Mount Vernon, N. Y., and Leonard S. Sand, Asst. U. S. Attys., New York City, of counsel), for appellee.

Before CHASE, Chief Judge, and FRANK and HINCKS, Circuit Judges.

PER CURIAM.

The appellant is one of the defendants whose conviction after a trial by jury on an indictment charging violation of the Smith Act, 18 U.S.C.A. § 2385, was affirmed by this court. United States v. Dennis, 2 Cir., 183 F.2d 201; affirmed 341 U.S. 494, 71 S.Ct. 857, 95 L.Ed. 1137. He was admitted to bail pending the review of our decision by the Supreme Court and absconded after an order on mandate had been entered by the District Court directing him, and others who were convicted with him, to surrender on July 2, 1951, to the United States Marshal for the Southern District of New York. He never did surrender but was apprehended in California on August 27, 1953, returned to New York, and after a trial by court pursuant to Rule 42(b) F.R.Cr.Proc. 18 U.S.C.A., was found guilty of criminal contempt and sentenced to imprisonment for four years. 18 U.S.C.A. § 401(3). This appeal is from that conviction and sentence.

On the authority of United States v. Hall, 2 Cir., 198 F.2d 726, we hold that no reversible error has been shown provided there was substantial evidence to support the finding of the trial court as follows:

> "Therefore, viewing the evidence as a whole I find that it has been established beyond a reasonable doubt that the respondent Thompson had notice and knowledge of the order of July 2, 1951, made by Judge Ryan and that he wilfully and contumaciously disobeyed the terms of that order."

The general pattern of the evidence as to this appellant's knowledge of the order followed that in the Hall case, supra. Sacher's part in conveying the information to Thompson is not as clearly shown as was his role as Hall's informant, but despite any uncertainty as to whether Sacher saw Thompson on the afternoon of June 29, 1951, at the headquarters of the communist party in New

York his testimony and the other evidence showing that Thompson was then there and the circumstances under which this appellant fled soon after the order to surrender was made do provide an adequate evidential basis in this record for the above quoted finding.

The sentence imposed, being well within a reasonable exercise of discretion by the trial judge, obviously did not violate the Eighth Amendment, nor has any violation of the Fifth Amendment been shown.

Judgment affirmed.