The **UNITED STATES** of America,
**Petitioner-Appellee,**

v.

Gilbert **GREEN**, **Respondent-Appellant.**

The **UNITED STATES** of America,
**Petitioner-Appellee,**

v.

Henry **WINSTON**, **Respondent-Appellant.**
**Nos. 45 and 46, Dockets 24103, 24104.**

United States Court of Appeals
Second Circuit.

Argued Jan. 17, 1957.

Decided Feb. 11, 1957.

John J. Abt, New York City, for appellants.

Thomas A. Bolan, New York City, Paul W. Williams, U. S. Atty. for Southern Dist. of New York, New York City, for appellee.

Before HAND, HINCKS and WATERMAN, Circuit Judges.

HAND, Circuit Judge.

The appellants, Green and Winston, appeal from sentences of three years imprisonment under the following circumstances. Each was one of a number of defendants convicted of a violation of § 2385 of Title 18 U.S.C., commonly known as the "Smith Act," after a long trial which ended on October 14, 1949; we affirmed the judgment on August 1, 1950, United States v. Dennis, 2 Cir., 183 F.2d 201, and the Supreme Court did the same on June 4, 1951, 341 U.S. 494, 71 S.Ct. 857, 95 L.Ed. 1137. On the mandate of the Supreme Court's affirmance an order issued out of the District Court, directing all the defendants to appear for surrender to the marshal on July 2, 1951, and on June 28 it was served upon the attorney for the appellants who had both been released on bail pending the appeals. They did not appear on the return day, and successfully evaded arrest until they eventually surrendered, Green in February 1956 and Winston in March. These proceedings to punish them for disobedience of the order of June 28, 1951, were begun against them before Judge Dawson, who after a hearing without a jury on March 26, 1956, sentenced each to a term of three years, cumulatively upon the original sentence of five years. Upon these appeals, which involve the same questions and may be decided together, three questions arise: (1) Whether the District Court has power to impose any sentence of more than one year for disobedience of its orders; (2) whether it had any power whatever to sentence these particular appellants for failure to surrender in response to the order of June 28, 1951; and (3) whether there was evidence enough to fix them with notice of that order before their surrender. Believing that our decisions in United States v. Hall, 2 Cir., 198 F.2d 726 and United States v. Thompson, 2 Cir., 214 F.2d 545, foreclose our consideration of the second and third questions, the appellants do not press them here, explicitly reserving, nevertheless, the right to do so should the cases come before the Supreme Court. Although in these two decisions we affirmed sentences of three and four years, we will assume, arguendo, that the first point, unlike the second and third, remains open.

The following is the first of the appellants' two arguments in support of the position that the sentences for more than one year were invalid. The Supreme Court definitively held in Ex parte Wilson, 114 U.S. 417, 429, 5 S.Ct. 935, 941, 29 L.Ed. 89, that "a crime punishable by imprisonment for a term of years at hard labor is an infamous crime"; and it is no longer necessary that the feature of "hard labor" be added, if the confinement may be in a penitentiary. Mackin v. United States, 117 U.S. 348, 352, 6 S.Ct. 777, 29 L.Ed. 909; In re Claasen, 140 U.S. 200, 205, 11 S.Ct. 735, 35 L.Ed. 409. The punishment for any crime punishable by a sentence of more than a year, may be by confinement in a penitentiary, § 4083, Title 18 U.S.C.; and it follows that a sentence for disobedience of a court order may not be for more than a year, for in that event it is an "infamous

crime," and must be prosecuted by indictment under the Fifth Amendment.

 Concededly, this argument depends upon whether such disobedience is a "crime" within the meaning of the Fifth Amendment. In a civil action ordinarily the proceeding is only remedial and imprisonment is imposed only to coerce compliance;[1] but it may also be punitive, provided its penal character be clearly enough disclosed from the outset.[2] Moreover, that is true *a fortiori* when the order, as here, issues as a step ancillary to a criminal prosecution. Gompers v. United States, 233 U.S. 604, 610, 34 S.Ct. 693, 695, 58 L.Ed. 1115, was a civil action in which the imprisonment for disobedience was purely punitive, and Holmes, J., speaking for the court used the following language:

"It does not follow that contempts of the class under consideration are not crimes, or rather, in the language of the statute, offenses, because trial by jury as it has been gradually worked out and fought out has been thought not to extend to them as a matter of constitutional right. These contempts are infractions of the law, visited with punishment as such. If such acts are not criminal, we are in error as to the most fundamental characteristic of crimes as that word has been understood in English speech. So truly are they crimes that it seems to be proved that in the early law they were punished only by the usual criminal procedure, * * * and that, at least in England, it seems that they still may be and preferably are tried in that way."

Nevertheless, in spite of this statement there has been much confusion in the language used by the courts to describe criminal contempts; for certainly they have not consistently been called "crimes." Apparently by reason of faulty history, it became the prevailing belief about the end of the 18th Century that disobedience of court orders might be treated summarily without a jury, which would not have been possible had the Sixth Amendment applied to it. In any event so much has become well settled;[3] and the resulting confusion was enough to provoke Chief Justice Vinson, then speaking for the Court of Appeals of the District of Columbia, to say: "we see no advantage in rehashing the discussions on whether criminal contempt is sui generis," [which had been a favorite evasion] "offense, crime, or felony. Criminal contempts are criminal contempts; some of the procedural and substantive law applied to criminal contempts is as though they were crimes; and some of it is not."[4]

██ Nevertheless, confused as the thinking no doubt has been one thing seems certain: it would be anomalous to hold that when the punishment for disobedience is more than a year, the proceeding must be begun by an indictment, and yet that it need not be tried to a jury. It would be even more unwarranted to make the right to a jury depend upon whether the imprisonment is more than a year; for the Sixth Amendment covers all "criminal prosecutions," except those for "petty offenses."[5] Perhaps all the decisions have been wrong that have held that disobedience may be so tried; but, if so, we may not overrule them; and indeed, when Congress in 1954 enacted § 3146 of Title 18 it expressly declared: "Nothing in this section shall interfere with or prevent

1. United States v. Baird, 2 Cir., 241 F.2d 170.

2. In re Kahn, 2 Cir., 204 F. 581; In re Guzzardi, 2 Cir., 74 F.2d 671; McCann v. New York Stock Exchange, 2 Cir., 80 F. 2d 211.

3. Eilenbecker v. District Court of Plymouth County, 134 U.S. 31, 38, 10 S.Ct. 424, 33 L.Ed. 801; In re Debs, 158 U.S. 564, 596, 15 S.Ct. 900, 39 L.Ed. 1092; Myers v. United States, 264 U.S. 95, 113, 44 S.Ct. 272, 68 L.Ed. 577; United States v. United Mine Workers, 330 U.S. 258, 296, 67 S.Ct. 677, 91 L.Ed. 884.

4. Warring v. Huff, 74 App.D.C. 302, 122 F. 2d 641.

5. Section 1(3), Title 18 U.S.C.

the exercise by any court of the United States of its power to punish for contempt." That was a recognition of the power as it had then developed.

The appellants' second point is that in any event § 24 of the Clayton Act limited the permissible imprisonment for criminal contempts to a year. This argument runs as follows. Before 1914 there was no recorded decision of any sentence of more than a year for a criminal contempt, though there had been extremely large fines. That section was one of three—21, 22 and 24*—the first two of which provided for the trial for disobedience of orders or judgments when "the act or thing" was a "criminal offense under any statute of the United States or under the laws of any State in which the act was committed." The trial must then be to a jury. Section 24 provided that although §§ 21 and 22 should apply to such contempts, "all other cases of contempt * * * may be punished in conformity to the usages at law and in equity [now] prevailing." This remained unchanged until the Act of 1948, when this passage, then a part of the last paragraph of § 402, Title 18, was changed to read: "may be punished in conformity to the prevailing usages at law." Although there had been decisions between 1914 and 1948 (this argument continues), in which courts had affirmed sentences longer than one year, these were mistakes, because § 24 by incorporating into the statute the usages then "prevailing," forbad longer sentences. Moreover, the change in 1948 from "usages at law and in equity now prevailing" to "prevailing usages at law" is not to be understood to indicate any change in the scope of the statute, for it was the declared purpose of the Revisers not to change its "meaning or substance."

This reasoning also does not convince us. There is no reason to suppose, because courts had not up to 1914 imposed imprisonment for more than a year, that they thought they had not the power to do so. There would have been no basis for such a conclusion except the constitutional argument that we have just held invalid, and there is not in the books a syllable of recognition of any such supposed limitation. The "usages now prevailing" meant practices that the courts for one reason or another thought controlling, not limitations that, so far as appears, they thought the particular occasion demanded on the merits. The language of § 401 has always been in substance as it reads now: a "court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority," etc. The phrase "at its discretion," does not mean that the court must choose between fine and imprisonment; the word "or," itself provides as much and the words, if so construed, would have been redundant. The term of imprisonment is to be as much in the court's discretion as the fine. Besides, whatever may have been the longest sentence up to 1914, certainly during the ensuing period of 34 years up to 1948, in at least four instances sentences of more than a year were affirmed for the very reason that the length of imprisonment was to be determined at the court's "discretion." [6] The same is true of four decisions of courts of appeals after 1948, all of which, like the four earlier ones, declared, though briefly and without discussion, that the court's discretion had not been abused.[7]

Thus there has been an unbroken line of authority contrary to the proposition that § 24 put a year's limit upon the imprisonment. Moreover, by the Act of 1954, of which we have spoken, Congress

---

* Now 18 U.S.C. § 402.

6. Creekmore v. United States, 8 Cir., 237 F. 743, L.R.A.1917C, 845; Conley v. United States, 8 Cir., 59 F.2d 929; Waring v. Huff, supra, 122 F.2d 641; United States ex rel. Brown v. Lederer, 7 Cir., 140 F.2d 136, 139.

7. United States v. Hall, supra; United States v. Thompson, supra; Nilva v. United States, 8 Cir., 227 F.2d 74; Lopiparo v. United States, 8 Cir., 216 F.2d 87.

provided that a person who was admitted to bail, and who failed to appear, became subject to imprisonment for five years, when tried to a jury, if the charge on which he was bailed was a felony; but for only one year, if the charge was a misdemeanor. Therefore, if the court's summary power is limited to one year's imprisonment in the case of felonies, the result is that, when the defendant is charged with a felony and "jumps bail," he may be imprisoned for five times as long if he is tried to a jury as he can be, if he is tried to a judge; but when he is charged with a misdemeanor, it makes no difference whether he is tried to judge or jury. It is hard enough to see why the maximum punishment for the same offence should depend upon the mode of trial; but it is impossible to suppose that so great a disparity should have been intended when the offender was charged with "jumping bail" in a prosecution for felony, but that no disparity whatever should have been intended when he did the same in a prosecution for a misdemeanor. Moreover, the Senate Report, U. S. Code Congressional and Administrative News, 1954, Vol. II, p. 3074, declares that the "proposed legislation seeks to create a statutory deterrent which will minimize the possibility of bail forfeiture"; and it is extremely unlikely that so great an increase as five to one would not have been mentioned, if it had been supposed that the existing maximum in felonies was only a year.

Finally, in view of this statute, especially directed as it is against this particular kind of disobedience, we cannot hold that three years was an abuse of discretion, when we remember that in United States v. Hall, supra, 198 F.2d 726 and United States v. Thompson, supra, 214 F.2d 545, we sustained as long, or longer, sentences.

We do not see that either Criminal Rule 7 or Rule 42, 18 U.S.C., needs any discussion, if what we have said is true.

Judgments affirmed.