**Poncet DAVIS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 13042.**

United States Court of Appeals
Sixth Circuit.

March 28, 1957.

Marc J. Wolpaw, Cleveland, Ohio, Edmund D. Doyle, Columbus, Ohio, James Herndon, Akron, Ohio, for appellant.

J. Lee Rankin, Sol. Gen., Washington, D. C., Charles K. Rice, Asst. Atty. Gen., Sumner Canary, U. S. Atty., Eben H. Cockley, Asst. U. S. Atty., Cleveland, Ohio, for appellee.

Before Stewart, Circuit Judge.

 STEWART, Circuit Judge. This is an application for bail pending an appeal from an order of the United States District Court for the Northern District of Ohio, Eastern Division, which order overruled the appellant's motion to correct sentence of imprisonment. The government has filed no response to the application, and the allegations it contains will therefore be accepted as true.

The appellant was convicted in the district court on four counts of wilfully attempting to defeat and evade payment of his income tax by filing false and fraudulent income tax returns. The judgment of conviction was affirmed by this court, 226 F.2d 331, and certiorari was denied by the Supreme Court, 350 U.S. 965, 76 S.Ct. 432, 100 L.Ed. 838. The appellant began service of four-year concurrent sentences under that conviction on May 28, 1956, and is now in custody.

The appellant's motion to correct his sentence, filed in the district court where he had been tried, contended that the crimes for which he had been convicted were misdemeanors rather than felonies, and that the penalties prescribed for such misdemeanors were imprisonment for a period not exceeding one year and a fine not exceeding $1,000. That motion was overruled by the district court on September 27, 1956. It is the appeal from the denial of that motion which is now pending in this court.

The appellant filed his brief in this court on December 17, 1956. Subsequently, a petition for writ of certiorari was granted by the Supreme Court of the United States in Costello v. United States, 352 U.S. 988, 77 S.Ct. 388, 1 L. Ed.2d 367. Instead of filing its brief in this court within the time allowed by the rules, the government filed a motion requesting that the time to file its brief be extended until sixty days after the issuance of the opinion by the Supreme Court in the Costello case, pointing out that, "The decision of the Supreme Court in the Costello case will dispose of the

issues in the instant appeal. Under the circumstance we believe that the requested continuance is warranted as to perhaps avoid the necessity of further briefs and argument in this court." The government's motion was granted by this court on February 12, 1957.

On March 11, 1957, 77 S.Ct. 642, the Supreme Court of the United States ordered that Costello (and another petitioner in a similar case, Binion v. United States) be enlarged on bail pending final determination by the Supreme Court of the United States of the question involved in their cases. It appears from the per curiam opinion of the Supreme Court of March 11, 1957, that the question involved in Binion v. United States and Costello v. United States is the same question as that presented in the present appeal, and the same question as that presented in Achilli v. United States, No. 430 on the Supreme Court docket, which that Court has set for hearing during the week of April 29, 1957,[1] the question being whether the defendants should have been sentenced under Section 3616(a) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 3616(a), which makes it a misdemeanor (punishable by a maximum of one year's imprisonment) to file a false return with the intent to evade tax, instead of under Section 145(b) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 145(b), which makes it a felony (punishable by a maximum of five years imprisonment) to wilfully attempt to evade or defeat a tax.

Following the Supreme Court's decision to grant bail to Costello and Binion, this appellant, on March 12, 1957, applied to the Supreme Court for admission to bail. The Solicitor General of the United States opposed the application, but not on the merits. The Solicitor General's memorandum stated:

"Rule 38(c) of the Federal Rules of Criminal Procedure [18 U.S.C.A.] provides that if an application is made to a Justice of the Supreme

1. See 77 S.Ct. 995.

Court for bail pending appeal, it 'shall show that application to the court below or a judge thereof is not practicable * * *.' Petitioner's appeal is now pending in the Court of Appeals for the Sixth Circuit, and his application for bail does not show that it would not be practicable to seek bail from that court or a judge thereof. We see no reason why the orderly procedure called for by Rule 38(c) should not be followed in this particular instance. It should also be noted that petitioner commenced the service of his prison term on May 28, 1956. With time off for good behavior, he would not be entitled to release until March 28, 1957, even if he should prevail in his contention on the merits that the maximum prison sentence which could be imposed on him was one year. Accordingly, if bail is allowed, the order should not become effective prior to March 28, 1957."

On March 14, 1957, the Supreme Court of the United States denied this appellant's application for bail in an order that merely cited Rule 38(c) and Rule 46(a) (2) of the Federal Rules of Criminal Procedure.

 It seems clear that the considerations which impelled the Supreme Court of the United States to grant bail in the Costello and Binion cases govern the present application. Accordingly, for the same reasons that Binion and Costello were admitted to bail by the Supreme Court of the United States,

It is ordered that the appellant be and he hereby is admitted to bail, pending the decision by the Supreme Court of the United States in Achilli v. United States, No. 430 on the Supreme Court docket, or until such earlier or later time as the question involved in this appeal is decided adversely to the appellant by the Supreme Court of the United States, subject to revocation at any time such revocation may appear appropriate or just. Rule 46(a) (2), Federal Rules of Criminal Procedure.

The bail is hereby fixed in the amount of $25,000, to be filed with the Clerk of the United States District Court for the Northern District of Ohio, Eastern Division, with surety or sureties to be approved by him, and the bond to be approved as to form by the United States Attorney for the Northern District of Ohio.