**UNITED STATES of America,**
v.
**Robert G. THOMPSON, Defendant.**

United States District Court
S. D. New York.
June 18, 1957.

Paul W. Willams, U. S. Atty. for Southern District of New York, New York City, Thomas A. Bolan, Asst. U. S. Atty., New York City, of counsel, for U. S.

Mary M. Kaufman, New York City, for defendant.

PALMIERI, District Judge.

The defendant moves for an order enlarging him on bail [1] pending a final determination of his motion for an order correcting an allegedly illegal sentence [2] of four years of imprisonment for criminal contempt.[3] This sentence was imposed after a contempt proceeding [4] on December 15, 1953. It was the result of defendant's violation of an order to surrender on July 2, 1951, to begin service of a sentence of three years' imprisonment following the Supreme Court's affirmance of his conviction upon an indictment for violation of Section 3 of the Smith Act, 18 U.S.C. § 2385.[5] The defendant was a fugitive for aproximately twenty-six months between the time fixed for his surrender as a result of the Smith Act conviction (July 2, 1951) and his apprehension on August 27, 1953, by agents of the Federal Bureau of Investigation.

The defendant has completed service of the three years' imprisonment under the Smith Act conviction and has now served approximately nineteen months of the four year criminal contempt sentence, with approximately sixteen months remaining, granting maximum good time allowances for good behavior.[6]

The four year sentence imposed on the defendant was held by the Court of Appeals to have been within a reasonable exercise of discretion by the trial judge.[7] The Court of Appeals held further that the sentence was not in violation of the Fifth Amendment or of the Eighth Amendment.[8] The Supreme Court declined to review this decision.[9] But the Supreme Court has just granted certiorari on May 27, 1957, in Green (Winston) v. United States [10] in which the plea has been made that any sentence for criminal contempt in excess of one year is invalid.[11] I have examined the petition for writs of certiorari in the Green and Winston cases and the brief for the United States in opposition. Until these writs are disposed of we cannot know whether such a sentence, and necessarily, the defendant's sentence, is proper.

It follows, therefore, that the defendant, who has already served substantially more than one year for criminal contempt, may now be incarcerated under an invalid sentence. Indeed, since the writs may not be disposed of for six months or longer, the defendant faces the possibility of further incarceration for a substantial period without legal justification.

The Government opposes the defendant's enlargement on bail on the ground that his past conduct indicates that he is

1. Fed.Rules Cr.Proc. rule 46, 18 U.S.C.

2. 28 U.S.C. § 2255; Fed.Rules Cr.Proc. rule 35, 18 U.S.C.

3. 18 U.S.C. § 401(3); United States v. Thompson, D.C.S.D.N.Y.1953, 117 F. Supp. 685, affirmed 2 Cir., 1954, 214 F.2d 545; certiorari denied 1954, 348 U.S. 841, 75 S.Ct. 48, 99 L.Ed. 663.

4. Fed.Rules Cr.Proc. rule 42(b), 18 U.S.C.

5. Dennis v. United States, 1951, 341 U.S. 494, 71 S.Ct. 857, 95 L.Ed. 1137, affirming 2 Cir., 1950, 183 F.2d 201. A fine of $10,000 which was also imposed as part of the sentence was paid. Defendant forfeited his bail of $20,000.

6. 18 U.S.C. § 4161.

7. United States v. Thompson, 2 Cir., 1954, 214 F.2d 545.

8. Ibid.

9. United States v. Thompson, 1954, 348 U.S. 841, 75 S.Ct. 48, 99 L.Ed. 663. A similar ruling had been made in United States v. Hall, 2 Cir., 1952, 198 F.2d 726, certiorari denied, 1953, 345 U.S. 905, 73 S.Ct. 641, 97 L.Ed. 1341 in which a sentence of three years for criminal contempt was imposed. Cf. Nilva v. United States, 8 Cir., 1955, 227 F.2d 74, affirmed 1957, 352 U.S. 385, 77 S.Ct. 431, 1 L.Ed. 2d 415 but remanded for reconsideration of sentence; Lopiparo v. United States, 8 Cir., 1954, 216 F.2d 87, certiorari denied, 348 U.S. 916, 75 S.Ct. 297, 99 L.Ed. 718, rehearing denied 349 U.S. 969, 75 S.Ct. 879, 99 L.Ed. 1290.

10. United States v. Green (United States v. Winston), 2 Cir., 241 F.2d 631, certiorari granted, 77 S.Ct. 1057.

11. The identical question as well as another affecting the legality of defendant's sentence is raised by the motion before me. See footnote 2, supra.

a "poor bail risk." This argument, however, must be weighed against the fact that as a result of a violent assault during his imprisonment, the defendant has suffered a permanent physical disability. He has submitted to repeated surgery and now has a silver plate in the frontal portion of his skull—a condition creating a continuing hazard of infection requiring immediate surgery. Under these circumstances, it is doubtful that the defendant would be either willing or able to become a fugitive.

■■ Assuming *arguendo* the validity of the "poor bail risk" argument, I believe that it is not sufficient to justify the defendant's continued incarceration. The defendant has paid a substantial penalty for his abscondence, perhaps more than the law allows. To continue his confinement in spite of the possible illegality indicated by the writs in the Green and Winston cases, would not, in my opinion, be consonant with the liberalized bail rules recently promulgated by the Supreme Court,[12] or with other pertinent considerations. Here, the legal minimum for the granting of bail is clearly satisfied in view of the Green and Winston writs. Although a residuum of discretion lies with the Court, in the last analysis, the question in its most direct terms is whether, considering all of the circumstances of this case, the desire to avoid the hazard of the defendant's unlawful deprivation of liberty outweighs the disadvantages of allowing him to be at large.[13] I think it does. The

defendant has already served more than the contempt sentence which may eventually be held by the Supreme Court to be the legal maximum. The new penalty for failure to surrender, now enacted by Congress, is far more severe than the balance of the defendant's contempt term.[14] It renders unlikely any recurrence of defendant's flight from the orderly processes of the court. Moreover, one of the co-defendants in the Smith Act prosecution, Gus Hall, who was also a fugitive, is now, after completion of his Smith Act term, at large on relatively low bail under a separate indictment, despite his prior fugitive status. But, more compelling than these considerations, I think, is the path just marked out for us by the Supreme Court in Binion v. United States (Costello v. United States), 1957, 352 U.S. 1028, 77 S.Ct. 642, 1 L.Ed.2d 591. There, the Supreme Court granted bail to the petitioners pending final determination of the issues presented in a case then pending before it, Achilli v. United States, 77 S.Ct. 995, and which presented the identical issues raised by the petitioners Binion and Costello. In United States v. Allied Stevedoring Corporation, the defendants Ward and Bowers were released on bail by Judge Learned Hand because the precise issues were there involved as well.[15] It is noteworthy that this was a case in which there had been an extensive record of prior unsuccessful bail petitions.[16] Judge Stewart of the Court of Appeals for the Sixth Circuit acted similarly in a comparable case.[17]

12. Fed.Rules Cr.Proc. rule 46(a) (2), 18 U.S.C.; Ward v. United States, 1956, 76 S.Ct. 1063, 1 L.Ed.2d 25.

13. See Bail Pending Appeal in the Federal Courts, 32 N.Y.U.L.Rev. 557–578 (1957).

14. 18 U.S.C. § 3146. The balance of defendant's term is approximately 16 months, while the new penalty is 5 years.

15. Memo endorsed on order to show cause filed April 22, 1957, Docket No. C 142–99 (April 25, 1957). See, also, United States v. Allied Stevedoring Corp., 2

Cir., 1957, 241 F.2d 925, 930–931, certiorari denied 77 S.Ct. 1282.

16. United States v. Allied Stevedoring Corp., D.C.S.D.N.Y., 138 F.Supp. 555. Motion for bail denied and case remanded, 1956, 76 S.Ct. 1068, 1 L.Ed.2d 23, motion for bail denied, D.C.S.D.N.Y., 143 F.Supp. 947, denial of bail affirmed, 2 Cir., 1956, 235 F.2d 909, denial of bail affirmed sub nom. Ward v. United States, opinion by Mr. Justice Frankfurter sitting as Circuit Justice, 1956, 76 S.Ct. 1063, 1 L. Ed.2d 25.

17. Davis v. United States, 6 Cir., 1957, 243 F.2d 69.

Accordingly, the decision on defendant's motion pursuant to § 2255, Title 28 U.S.C., and Rule 35 of the Federal Rules of Criminal Procedure to correct his allegedly illegal sentence for criminal contempt will abide the decision of the Supreme Court in Green (Winston) v. United States. The defendant's motion for enlargement on bail is granted pending the decision of the Supreme Court just referred to, subject, however, to revocation at any time such revocation may appear appropriate or just.[18] Bail is fixed in the sum of $25,000.

18. Fed.Rules Cr.Proc. rule 46(a) (2), 18 U.S.C.