**Emil Richard YATES, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 7256.

United States Court of Appeals
Tenth Circuit.

April 29, 1963.

Richard T. Sonberg, Denver, Colo., for appellant.

Thomas E. Joyce, Asst. U. S. Atty. (Newell A. George, U. S. Atty., on the brief), for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN and HILL, Circuit Judges.

HILL, Circuit Judge.

The appeal is from an order denying, without a hearing, appellant's motion un-

der 28 U.S.C. § 2255 to set aside his conviction and sentence.

In 1957, while serving a sentence in the United States Penitentiary at Leavenworth, Kansas, Yates brought a habeas corpus proceeding in the United States District Court for the District of Kansas, which was denied. However, the court ordered that petitioner be released upon bond pending his appeal to this Court from the order denying the writ. One of the conditions of the bond was that appellant "shall voluntarily abide by the final order of the United States Court of Appeals, Tenth Circuit, and shall forthwith surrender himself to custody of the respondent warden in the event the judgment of this court is affirmed by such appellate court, and shall answer and abide by all rules and orders of the United States Court of Appeals and this court, pursuant to any and all mandates entered by virtue of said appeal." During the pendency of the appeal, appellant, thinking that the case would be decided in his favor, undertook to, and did, travel to Central America without leaving a forwarding address or letting anyone know where he was going.

Thereafter, the decision of the lower court was affirmed with instructions to order Yates to be remanded to the custody of the Warden to complete the service of his sentence, and to issue and execute the necessary writs to make the order effective.[1] That mandate was duly spread of record in the lower court. Upon motion of the United States Attorney, a judge of that court entered a formal order on May 9, 1958, requiring Yates to appear in court on June 5, 1958, and surrender himself to complete the service of his sentence, or, in the alternative, his appearance bond would be forfeited: Yates did not appear and the bond was forfeited. A bench warrant was issued but it was returned "not executed." Thereafter, an alias warrant was issued and appellant was located in a hospital in Managua, Nicaragua, by the United States Department of State. He was brought back to this country by the State Department and taken into custody at Miami, Florida, by the Federal Bureau of Investigation. Yates was returned to the Kansas District and to the custody of the Warden to complete the sentence. Upon completion of the sentence, he was taken into custody upon a commissioner's warrant from the District of Kansas charging him with "jumping bail" in violation of 18 U.S.C. § 3146. He was subsequently indicted in the Kansas District for the same offense.

On December 28, 1959, with Yates and his court-appointed attorney before the court, the United States Attorney filed his affidavit charging Yates with criminal contempt of court, in that he failed to appear in court on June 5, 1958, as ordered. An order was immediately entered for Yates to appear before the court on that day at 3:15 o'clock P.M., to show cause why he should not be adjudged guilty of willful contempt of court and punished. On that date, the record shows that Yates had a habeas corpus proceeding pending, and there was also pending in that court the indictment against Yates for jumping bail. The record further discloses an apparent attempt by Yates' attorney and the United States Attorney to dispose of all matters in the court with which Yates was concerned. Counsel for Yates proposed in open court that Yates' petition for a writ of habeas corpus be dismissed, that the Government dismiss the pending indictment and, with these matters disposed of, Yates desired to enter a plea to the charge of criminal contempt as set forth in the affidavit and order to show cause. A full discussion was had in open court upon the proposal with Yates, his counsel, the United States Attorney and the trial judge all participating. The judge, with admirable care and caution, personally questioned Yates and explained to him his rights, including the right to a jury trial upon the contempt charge. The record is clear that everything being done to dispose of

1. Yates v. Looney, 10 Cir., 250 F.2d 956.

the three pending cases was not only fully understood by Yates, but also had his sanction and approval. The transcript of that hearing also shows a lengthy recital of facts by counsel for Yates, which was clearly intended to be a full admission and explanation of all of the facts pertinent to the criminal contempt proceeding. At the conclusion of this long statement, the court asked Yates, "First, let me ask you this. Has Mr. Feiring stated the facts in the case correctly?", and Yates replied, "Yes, he has." Counsel for Yates thereafter entered a plea of *nolo contendere,* which plea the court refused to accept, and directed that a plea of not guilty be entered. The court then made this further statement in that connection, "I think I have a right to enter a plea of not guilty on behalf of the defendant, to order that plea entered and to consider the matters presented here and which the defendant has agreed to as evidence in a case for trial by the Court." Counsel for Yates replied, "That is acceptable to us, Your Honor. We merely offered the plea of nolo contendere because we have nothing to say in defense of it other than what we have said." Again, the court reiterated, "I think I will order a plea of not guilty be entered on behalf of the defendant by the Court and if there is no objection by the defendant, I will consider all things said here as evidence in the case." Yates' counsel replied, "We have no objection, Your Honor." After additional discussion in open court between the respective counsel, the court said, "Very well. Is there anything else that either of you would like to present before the finding of the Court only on the question of contempt?" Yates' counsel replied, "I think nothing on behalf of the defendant, Your Honor, thank you." The court then made an oral finding from the bench determining Yates guilty of contempt of court, and

the pronouncement of sentence was postponed until a later date, at which time Yates was placed on probation for a period of 4 years. During that period, Yates was returned to the lower court as a probation violator. His probation was revoked and the institutional sentence he is now serving was imposed. Yates appealed from that order and it was affirmed by this Court.[2] In that case, we declined to review the validity of the conviction for criminal contempt and pointed out that "proper remedies in the trial court are available to appellant for that purpose. * * *" (308 F.2d at page 738).

We must first determine whether the lower court erred in denying appellant's motion without granting him a hearing. Yates contends that it did and argues that under the established law of this Circuit he was entitled to an oral hearing. It is true that a prisoner is entitled to a hearing unless the motion and the files and records of the case conclusively show that he is not entitled to relief.[3] This Court has on numerous occasions ordered that a hearing be held in situations involving motions which raise a factual issue.[4] As stated in Wheatley v. United States, 10 Cir., 198 F.2d 325, 327:

> "The mandate of our court as well as of the Supreme Court is clear that where an issue of fact is presented under Section 2255 petitioner is entitled to a hearing and must be afforded an opportunity to testify and produce evidence in support of his allegations."

But appellant's motion does not present an issue of fact. The facts as shown by the record are undisputed. The taking of oral testimony upon the motion could not aid or assist the court in determining the legal sufficiency of the original trial proceedings. Any oral

2. Yates v. United States, 10 Cir., 308 F. 2d 737.

3. 28 U.S.C. § 2255; Puckett v. United States, 10 Cir., 314 F.2d 298.

4. See, e. g., Goforth v. United States, 10 Cir., 304 F.2d 884; Frand v. United States, 10 Cir., 289 F.2d 693; Mays v. United States, 10 Cir., 216 F.2d 186.

testimony offered could not add to, or detract from, what the court files, including the transcript of the December 28, 1959, hearing, disclose since that proceeding upon the record was either sufficient or insufficient. We therefore agree with the trial court's method of disposing of the motion and hold that under the circumstances of this case appellant was not entitled to an evidentiary hearing.

Turning now to the merits, appellant contends that his Constitutional and statutory rights were violated in the criminal contempt proceeding in the following respects: (1) The prosecution was had without proper notice, indictment, information or presentment; (2) the conviction was had following only a summary type hearing; and (3) due process was denied in that the presumption of innocence was not applied and the Government failed to prove his guilt beyond a reasonable doubt.

The contempt power of a federal court is defined in 18 U.S.C. § 401, which, in pertinent part, reads as follows:

"A court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as—

\* \* \* \* \* \*

"(3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command."

The procedure on indirect or constructive contempt charges, such as we have here, is set forth in F.R.Crim.P. 42(b), 18 U.S.C.A., which provides as follows:

"A criminal contempt except as provided in subdivision (a) of this rule shall be prosecuted on notice. The notice shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the criminal contempt charged and describe it as such. The notice shall be given orally by the judge in open court in the presence of the defendant or, on application of the United States attorney or of an attorney appointed by the court for that purpose, by an order to show cause or an order of arrest. The defendant is entitled to a trial by jury in any case in which an act of Congress so provides. He is entitled to admission to bail as provided in these rules. If the contempt charged involves disrespect to or criticism of a judge, that judge is disqualified from presiding at the trial or hearing except with the defendant's consent. Upon a verdict or finding of guilt the court shall enter an order fixing the punishment."

The order of the lower court requiring Yates to appear in that court on June 5, 1958, and surrender himself to the proper authorities to complete the service of his sentence was clearly "lawful." It is well settled that such an order is embraced within subdivision (3) of Section 401 and, therefore, the court had the power to convict and punish him for criminal contempt for a willful disobedience of it.[5] Appellant does not question the power of the court in this respect; but, rather, contends that the proper procedure was not followed in this case. He argues first, that the proceeding should have been initiated by indictment, information or presentment of the grand jury rather than by affidavit and order to show cause, and second, that, in any event, the affidavit was insufficient because (1) it failed to allege the essential elements of criminal contempt, namely, that he had knowledge of, or was ever served with, the order in question and willfully failed to obey the same, and (2) it did not clearly state or refer to the order he was accused of hav-

---

5. Green v. United States, 356 U.S. 165, 78 S.Ct. 632, 2 L.Ed.2d 672; United States v. Thompson, 2 Cir., 214 F.2d 545, cert. denied, 348 U.S. 841, 75 S.Ct. 48, 99 L.Ed. 663; United States v. Hall, 2 Cir., 198 F.2d 726, 34 A.L.R.2d 1088, cert. denied, 345 U.S. 905, 73 S.Ct. 641, 97 L.Ed. 1341.

ing violated. Appellant further argues that even when the affidavit and order to show cause are considered together they are vague and indefinite and insufficient to advise him of the nature of the charge against him.

■■ Appellant's first point is easily answered. Under Section 401, it is not necessary to initiate criminal contempt proceedings by indictment, information or presentment. The reason is that criminal contempt, even though subject to a sentence of imprisonment exceeding one year, is not a crime in the Constitutional sense, i. e., it is not an "infamous crime" within the Fifth Amendment provision that no person shall be held to answer for an infamous crime unless on a presentment or indictment of a grand jury. This is so notwithstanding the fact that an "infamous crime" for the purposes of the Fifth Amendment is one punishable by imprisonment in the penitentiary and, under 18 U.S.C. § 4083, imprisonment in a penitentiary can be imposed only if a crime is subject to imprisonment exceeding one year.[6]

■ Thus, since criminal contempt proceedings are summary in nature and technical pleadings are not required, the prosecution may be by petition, affidavit or other showing.[7] Simple notice is all that is required by Rule 42(b).[8] It is therefore apparent that Yates was not entitled to have this proceeding commenced by indictment, information or presentment.

■■ This leaves the related questions of whether the affidavit was fatally defective and whether the affidavit and order to show cause were sufficient to advise Yates of the nature of the charge against him. We, of course, recognize that knowledge or notice of the order in question on the part of appellant[9] and a willful disobedience of that order[10] are essential elements of criminal contempt. We also recognize that a person accused of criminal contempt is entitled to proper notice under Rule 42 (b) and due process requires that such notice—in this case the order to show cause—should contain enough to inform him of the nature and particulars of the contempt charged.[11]

■ In determining these questions, we must consider the affidavit and order to show cause together and in the light of what transpired at the contempt hearing. The affidavit clearly alleges: Yates was released from custody on bond pending his appeal to this Court from an adverse ruling by the court below on his application for a writ of habeas corpus; one of the conditions of the bond was that Yates agreed to voluntarily surrender himself to custody in the event the denial of the writ was upheld by this Court; such denial was upheld with instructions to order Yates remanded to the custody of the warden; and Yates failed to appear on June 5, 1958, and surrender himself in accordance with the lower court's order requiring him to do so. The affidavit requested that an order be issued requiring Yates to appear and show cause why he should not be held in contempt for his conduct and punished for criminal contempt. An order to

---

6. Green v. United States, supra, 356 U.S. at pages 183–187, 78 S.Ct. at pages 642–645, 2 L.Ed.2d 672; United States v. De Simone, 2 Cir., 267 F.2d 741, cert. denied, 361 U.S. 827, 80 S.Ct. 74, 4 L.Ed.2d 70.

7. MacNeil v. United States, 1 Cir., 236 F.2d 149, 61 A.L.R.2d 1075, cert. denied, 352 U.S. 912, 77 S.Ct. 150, 1 L.Ed.2d 119.

8. Bullock v. United States, 6 Cir., 265 F.2d 683, 690, 691, cert. denied, 360 U.S. 909, 79 S.Ct. 1294, 3 L.Ed.2d 1260.

9. Kelton v. United States, 3 Cir., 294 F. 491, cert. denied, 264 U.S. 590, 44 S.Ct. 403, 68 L.Ed. 864; United States v. Thompson, supra; United States v. Hall, supra.

10. Green v. United States, supra; MacNeil v. United States, supra.

11. Cooke v. United States, 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767; United States ex rel. Bowles v. Seidmon, 7 Cir., 154 F.2d 228, 230.

show cause was duly issued requiring Yates to appear and show cause "why he should not be adjudged and held in contempt of court and punished for such contempt of this Court by reason of the fact that he wilfully and contemptuously disregarded the order" of the trial court to appear in that court on June 5, 1958, and surrender himself. The transcript of the contempt proceeding discloses that copies of the affidavit had been furnished to Yates and his attorney prior to the hearing and the order to show cause was served on them at that hearing. Yates' attorney then stated, "We find the order to show cause in order and at this time we would desire to enter a plea to the accusation which has heretofore been filed." And, the court inquired, "Mr. Yates, you understand by entering a plea to the accusation you in effect admit the facts charged in the accusation as constituting contempt of Court." It is at this point that appellant attempted to enter a plea of *nolo contendere*. As previously stated, the court after hearing a lengthy statement of facts from appellant's attorney [12] refused to accept that plea and entered a plea of not guilty for him. In response to this, Yates' attorney stated, "That is acceptable to us, Your Honor. We merely offered the plea of nolo contendere because we have nothing to say in defense of it other than what we have said." The transcript also discloses that, after

the procedure to dispose of all pending matters concerning Yates had been explained, he was questioned about whether he understood what was being done and unequivocally stated that he did.[13]

We think it is obvious from these facts that not only were the affidavit and order to show cause sufficient to inform Yates of the nature of the charge against him but that he was in fact fully aware of the particulars of such charge and that he could be punished therefor. It is, of course, the general rule that the test, on a Section 2255 motion, as to the sufficiency of an indictment is whether it can reasonably be said to have informed the defendant of the charge against him so that he could prepare his defense thereto and plead the judgment thereon as a bar to any further proceedings against him for the same offense.[14] We think this rule is applicable here and conclusively precludes any relief being granted to Yates on this ground of the motion.

Appellant next contends that contrary to the provisions of Rule 42(b) and the requirements of due process, he was not allowed a reasonable time for the preparation of his defense and he was convicted on a charge of indirect or constructive criminal contempt after being afforded only a summary type hearing. It is, of course, true due proc-

---

12. Yates agreed that the facts as related by his attorney were correct.

13. "Q. Now, under the procedure and the effect of what I have stated to the Court, is that based upon the reasons that I have given you out of court that we would withdraw the application for writ of habeas corpus, you have heard Mr. Leonard state that after the accusation in contempt was filed and passed upon by Judge Stanley, that the indictment returned against you would be dismissed?
"A. I do.
"Q. And you fully understand that notwithstanding the fact that you have been in jail for some five months, while this writ was pending and while you were

being held under a commissioner's warrant, that the judge does have the power to sentence you for the contempt which I have indicated you desire to enter a plea to?
"A. Yes, I understand that.
"Q. You understand, as I told the Judge, that we would be throwing ourselves entirely upon the mercy of the Court and in his discretion?
"A. I do.
"Q. Whatever that might be. Is that what you want to do here and now today?
"A. Yes, that is true."

14. Martin v. United States, 10 Cir., 285 F. 2d 150, cert. denied, 365 U.S. 853, 81 S.Ct. 818, 5 L.Ed.2d 816.

ess requires that one charged with contempt of court, outside the presence of the court, be advised of the charges against him, have a reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by counsel and have a chance to testify and call witnesses in his behalf, either by way of defense or explanation.[15] But, it is also true that constitutional rights such as the right to counsel,[16] the right to trial by jury[17] and the right to prosecution by indictment[18] may be waived. And, we think that just as those rights may be waived, so, too, can the right to have a reasonable opportunity to prepare a defense and the right to have a plenary hearing be waived. It has been so held in the state courts.[19] Here, the record conclusively shows that appellant waived these rights and consented to the case being submitted to the court upon an agreed statement of facts. It further shows that these rights were carefully explained to him and he, in effect, requested that the matter be disposed of at that time.[20]

Appellant's last contention is that he was denied due process in that the presumption of innocence was not applied and the Government failed to prove him guilty beyond a reasonable doubt. It is well settled that a person charged with criminal contempt is presumed innocent and must be proven guilty beyond a reasonable doubt.[21] However, we must assume that the lower court followed the law and applied these well settled principles in the absence of a showing to the contrary and here there is no such showing.

From an examination of the entire record, we conclude that appellant's Constitutional rights were not violated in the criminal contempt proceeding and therefore the lower court's denial of his motion is

Affirmed.

"Now, you may waive that right if you so please and agree that it might be heard today and that in effect you would be ordered to appear at this time and show cause why you should not be punished for contempt. Do you understand what those rights are?

"A. Yes, I do, Your Honor.

"THE COURT: And you have talked to Mr. Feiring about that?

"A. I have, Your Honor.

"THE COURT: Is it your desire that the Court set as date at some time in the future for a full hearing on the contempt matter or do you desire to waive that right and consent that it be heard today?

"A. Your Honor, I'd much prefer it be heard today."

15. In re Green, 369 U.S. 689, 82 S.Ct. 1114, 8 L.Ed.2d 198; In re Oliver, 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682; Cooke v. United States, supra.

16. Puckett v. United States, 10 Cir., 314 F.2d 298.

17. Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854.

18. Smith v. United States, 360 U.S. 1, 79 S.Ct. 991, 3 L.Ed.2d 1041.

19. 17 C.J.S. Contempt § 84, p. 117.

20. "THE COURT: Now, Mr. Yates, the government has presented to me for consideration by me and possible approval, an order to show cause directing that you appear before the Court to show cause why you should not be held in contempt of court for failure to appear after having made bond. You would have a right or whether you have an absolute right or not, I would certainly grant you the right if you requested it, to have that hearing delayed until you could prepare to defend on the hearing.

21. James v. United States, 8 Cir., 275 F.2d 332, cert. denied, 362 U.S. 989, 80 S.Ct. 1077, 4 L.Ed.2d 1022; Richardson v. United States, 8 Cir., 273 F.2d 144; Cliett v. Hammonds, 5 Cir., 305 F.2d 565.