**In the Matter of Jerry NEAL.**

No. 82–1399.

District of Columbia Court of Appeals.

Submitted Nov. 8, 1983.

Decided April 16, 1984.

Glenn E. Knierim, Jr., Silver Spring, Md., appointed by this court, was on the brief for appellant.

Stanley S. Harris, U.S. Atty., Washington, D.C., at the time the brief was filed, Michael W. Farrell, Judith Hetherton, James F. Rutherford, and Daniel M. Cisin, Asst. U.S. Attys., Washington, D.C., were on the brief for appellee.

Before KERN and BELSON, Associate Judges, and PAIR, Associate Judge, Retired.

PER CURIAM:

Appellant was convicted by a jury of criminal contempt pursuant to D.C.Code

§ 11–944 (1981) [1] after he refused to obey a trial court order directing him to answer questions as a witness before a grand jury investigating a robbery. The court sentenced him to a term of imprisonment of from 16 to 48 months. Appellant argues on appeal (1) that the court order was void because it infringed his Fifth Amendment right against self incrimination; (2) criminal contempt was an impermissible sanction under the circumstances here; and (3) that it was error for the judge to impose an indeterminate sentence for contempt.

The facts of the robbery under investigation by the grand jury were that three men armed with handguns entered the lobby of the Hay-Adams Hotel in downtown Washington and robbed several persons, as well as the hotel. They fled the scene in a waiting automobile driven by a fourth man. Police officers gave chase and apprehended the three gunmen, one of whom was appellant. The driver of the auto escaped. Appellant and the two other gunmen, as a result of plea-bargaining with the government, each entered a plea of guilty to one count of armed robbery. In return, the remaining counts of armed robbery and associated weapons charges were dropped by the prosecution.

Several months after appellant and the other two robbers pleaded guilty, a grand jury investigating the identity of the driver of the getaway car called appellant as a witness. When asked to identify the driver, appellant refused to answer. The government requested the court to order him to testify. Appellant argued to the trial court that he retained a Fifth Amendment privilege not to answer this question. The trial court, after reviewing the transcript of the plea proceedings, found that in exchange for his plea, appellant had received immunity from prosecution for any other criminal conduct arising out of the armed robbery. Accordingly, the trial court rejected appellant's claim that his answer to the question of who drove the getaway car violated his Fifth Amendment right to avoid self-incrimination. The court ordered appellant to answer any questions by the grand jury concerning the robbery and escape.

Appellant was again called before the grand jury and again asked to identify the driver of the getaway car. When he again refused to answer, the court was so advised and entered an Order to Show Cause why appellant should not be held in criminal contempt. Appellant was then tried for criminal contempt and found guilty by a jury. He was sentenced to a term of imprisonment of from 16 to 48 months, to run consecutively to any other sentence he was then serving.

On appeal, appellant argues first that he had a Fifth Amendment privilege justifying his refusal to answer the grand jury's question of the name of the driver of the getaway car. Appellant contends this is so because the plea bargain guaranteed only that the government would not go forward on the other four counts of armed robbery (in addition to the fifth count to which appellant pleaded guilty) and the five counts of carrying a pistol originally brought against him. Even after the plea bargain, appellant argues, he remained liable to prosecution by the U.S. Attorney for conspiracy to rob and to prosecution by the District of Columbia for violations of its Police Regulations. It is apparent from the record of the entry of the plea by appellant that prosecution by the United States for conspiracy to rob would violate the intendment of the plea agreement. Accordingly, we find no merit in appellant's concern over future prosecution by the United States and we will turn to appellant's contention that he remained liable to prosecution by the District of Columbia.

---

**1.** D.C.Code § 11–944 provides in pertinent part as follows:

[T]he Superior Court, or a judge thereof, may punish for disobedience of an order or for contempt committed in the presence of the court.

Specifically, appellant contends that the Corporation Counsel could still prosecute him for failure to license a firearm, for possession of ammunition without a valid license for a firearm, or any offense, such as a traffic violation, which occurred during the attempted escape by automobile. Appellant cites to *Alston v. United States*, 383 A.2d 307 (D.C.1978), in arguing that because the Corporation Counsel was not a party to the plea agreement he made with the Assistant United States Attorney, he could still be prosecuted for violations under the District's police and traffic regulations.

In our view, *Alston* is distinguishable from this case. Alston and his codefendant, Burton, had been observed by a Metropolitan Police Department detective searching for something. The detective saw Burton picking up a brown paper bag, whereupon Alston removed a pistol from his pocket and placed it in the bag. The two men then walked away, with Burton carrying the bag. *Id.* at 308–09. Burton pleaded guilty to carrying a pistol without a license. Alston proceeded to a jury trial and sought to call Burton, who indicated that he would invoke his Fifth Amendment privilege because of the possibility that the Corporation Counsel could use his testimony for the purpose of prosecuting related gun offenses against him under the D.C. Police Regulations. *Id.* at 309.

We affirmed the trial judge's ruling that Burton properly could decline to testify as a witness on behalf of Alston because of the *real possibility* he faced of prosecution by the District under its Police Regulations for carrying an unlicensed weapon. Burton's testimony at Alston's trial, we noted, would have been tantamount to confessing a violation of the regulations prohibiting possession of an unregistered firearm and possession of ammunition for an unregistered firearm. Thus, we concluded in *Alston* that the possibility of additional prosecution of the witness invoking the privilege against self-incrimination was real and not imaginary.

 In the instant case, we deem the threat of prosecution by the Corporation Counsel as not "real and appreciable." *See, id.* at 312. We note that appellant was only a witness in the Grand Jury probe, not the putative defendant. Thus, his Fifth Amendment right exists only with respect to the question he was asked. *See, id.* at 313. Appellant was asked to identify the driver of the getaway car. His answer, unlike the answer sought from the witness in *Alston*, is far from a confession of violations of the D.C. Police Regulations. Moreover, we deem it only an "imaginary possibility," *see, id.* at 312, that the Corporation Counsel might proceed against appellant for violations of Police Regulations upon the basis of his answering grand jury questions about the driver of the car on the night of the robbery after appellant had been convicted and sentenced on the armed robbery charge brought by the United States Attorney. Therefore, the trial judge's rejection of appellant's Fifth Amendment claim, after reviewing the prosecutor's proffer at the time of appellant's plea, was not erroneous.

 Appellant's second argument on appeal is based on the Recalcitrant Witness Statute, 28 U.S.C. § 1826 (1976).[2] He urges it was error for the court to proceed with criminal rather than civil contempt. However, that statute does not expressly state that it provides the *only* means of dealing with witness contempt. We are not persuaded upon a reading of the statute that criminal contempt is unavailable to a

---

**2.** The relevant part of 28 U.S.C. § 1826 provides as follows:

> Whenever a witness in any proceeding before or ancillary to any court or grand jury of the United States refuses without just cause shown to comply with an order of the court to testify ... the court ... when such refusal is duly brought to its attention, *may summarily* order his confinement at a suitable place until such time as the witness is willing to give such testimony or provide such information.... [B]ut in no event shall such confinement exceed eighteen months.

(Emphasis added.)

court dealing with a witness who wrongfully refuses to testify. *See United States v. Wilson*, 421 U.S. 309, 317 n. 9, 95 S.Ct. 1802, 1807 n. 9, 44 L.Ed.2d 186 (1975); *Watkins v. Howard*, 441 F.Supp. 486, 488 (E.D.Wis.1977). The court's power to punish for criminal contempt is uncontested, *United States v. Liddy*, 166 U.S.App.D.C. 289, 295, 510 F.2d 669, 675 (1974), *cert. denied*, 420 U.S. 980, 95 S.Ct. 1408, 43 L.Ed.2d 661 (1975), and hence, we reject appellant's claim that the court was barred from proceeding against him for criminal contempt.

■ We recognize that criminal sanctions are extreme measures to which a trial judge should resort only after considering civil contempt. *Shillitani v. United States*, 384 U.S. 364, 371 n. 9, 86 S.Ct. 1531, 1536 n. 9, 16 L.Ed.2d 622 (1966); *United States v. Liddy, supra*, 166 U.S.App.D.C. at 295, 510 F.2d at 675. Here, the trial judge expressly considered civil contempt, but determined, due to the gravity of the offense being investigated and the lack of merit in appellant's refusal to testify, that criminal contempt was the appropriate remedy. We do not find this determination to be an abuse of discretion.

■ Appellant next argues that 28 U.S.C. § 1826 sets a mandatory maximum period of incarceration at just 18 months. However, the statutory proviso of 18 months maximum confinement refers only to a *summary* contempt proceeding. Here, the sanction imposed by the court occurred after formal proceedings and a jury trial and therefore was surrounded with the safeguards of an ordinary criminal proceeding. *United States v. Liddy, supra*, 166 U.S.App.D.C. at 295 n. 27, 510 F.2d at 675 n. 27.

■ Finally, appellant argues that it was error for the court to impose an indeterminate sentence. While we agree that the Indeterminate Sentence Act, D.C.Code § 24–203(a) (1981), does not apply to a criminal contempt conviction, *see Warring v. Huff*, 74 U.S.App.D.C. 302, 122 F.2d 641

(1941), we note that the trial judge has broad discretion in imposing sentence for criminal contempt. That discretion is not abused by structuring the sentence to provide for a minimum and a maximum term as the court did here. *See id.* Accordingly, the sentence imposed by the trial court is legal.

*Affirmed.*