No. ——.   Binion *v.* United States, on application for bail; and

No. 666.   Costello *v.* United States.

*Per Curiam:* Petitioners in both the above cases have applied to individual Justices for bail under Rule 46 of the Federal Rules of Criminal Procedure.   The relevant legal circumstances concerning bail are identical in both cases.   Both were convicted of income tax evasion involving § 145 (b) of the Internal Revenue Code of 1939.   Both were sentenced to imprisonment for five years on each of three counts, the sentences to run concurrently.   Both contend that they should have been sentenced under § 3616 (a) of the Internal Revenue Code of 1939, which makes it a misdemeanor (punishable by a

maximum of one year's imprisonment) to file a false return with intent to evade tax, the offense for which each was convicted. The question petitioners raise was discussed but not decided in *Berra* v. *United States,* 351 U. S. 131. This question is presented in *Achilli* v. *United States,* No. 430, which the Court has set for hearing during the week of April 29. Pending final determination of this question, we think petitioners are entitled to bail, the Government having presented no adequate reason why bail should not be granted. Accordingly, petitioners are admitted to bail, pending the disposition of the *Achilli* case, by executing a good and sufficient bail bond in the sum of $25,000, the same to be approved by a district judge of the court in which petitioners were convicted. Following approval, the bond will be posted with the clerk of the district court.

*Jacob Kossman* for Binion. *Edward Bennett Williams* and *Morris Shilensky* for Costello. *Solicitor General Rankin* for the United States. Reported below: No. 666, 239 F. 2d 177.