RAMÓN ANTONIO FOURNIER, Petitioner and Appellant, *v.* BALBINO GONZÁLEZ, WARDEN OF THE DISTRICT JAIL OF SAN JUAN, Respondent and Appellee.

No. 12297. Submitted May 16, 1958.—Decided May 23, 1958.

342

[redacted]

*Ramón Antonio Fournier, pro se. J. B. Fernández Badillo, Attorney General, Arturo Estrella, Assistant Attorney General,* and *Alfredo Archilla Guenard, Fiscal of the Supreme Court,* for appellee.

MR. JUSTICE SALDAÑA delivered the opinion of the Court.

Ramón Antonio Fournier Sampedro appealed to the United States Court of Appeals for the First Circuit from our judgment rendered in this case on April 18, 1958. Pursuant to the provisions of Rule 38 (Habeas Corpus Proceedings) of said Court of Appeals, he petitioned this Court, on May 14, 1958, in his own right, to fix bail bond, in a reasonable sum, for his release pending appeal. On May 15, 1958, we ordered our *Fiscal* to file a brief on petitioner's application. Next day the *Fiscal* filed his brief opposing the granting of bail on the ground, in short, that the appeal does not present a substantial question and further ". . . in harmony with the public policy maintained in this jurisdiction that no bail should be granted after conviction in cases of first-degree murder. . . ."

Insofar as pertinent Rule 38 provides: "Pending review of a decision discharging a writ of habeas corpus after it has been issued, the prisoner may be remanded to the custody from which he was taken by the writ, or detained in other appropriate custody, or enlarged upon recognizance with surety, *as to the court or judge rendering the decision may appear fitting in the circumstances of the particular case.*" 28 U.S.C.A., United States Courts of Appeals Rules, p. 122. (Italics ours.) As stated in *Pino* v. *Nicolls,* 211 F. 2d 393, 396 (CA 1, 1954), the Court of Appeals incorporated in its own Rule 38 the former Rule 45 of the Supreme Court of the United States. 306 U.S. 724. The new Rules

of the Supreme Court of the United States, effective since July 1, 1954, grant the power to fix bond under the aforesaid circumstances only to the court wherein the case is then pending review, or to a judge or justice thereof. 346 U.S. 951, 999–1000 (Rule 49). However, the Court of Appeals for the First Circuit has kept alive its Rule 38 and it is under this rule that we must proceed to take appropriate action in passing over appellant's application for bail.[1]

If it appears that the appeal is not frivolous and has not been taken for purposes of delaying the proceedings, this Court has discretion to admit the appellant to bail pending the decision of the appeal he has taken from our judgment. The test in determining whether under Rule 38 we may grant bail on appeal is no longer whether the appeal involves a substantial question to be decided by the appellate court. We have reached this conclusion after examining the provisions of the new Rule 46 (a) (2) of the Federal Rules of

---

[1] In providing for the first time that an appeal could be taken from the judgment rendered in a habeas corpus proceeding, the United States Congress conferred on the Supreme Court the power to make rules in reference to the custody of the petitioner, pending appeal. It provided also that if the Supreme Court did not promulgate those rules the federal courts below could make similar rules. Act of August 29, 1842, c. 257, 5 Stat. 539, as amended, Rev. Stat. sec. 765 (2d ed. 1878). In 1886 the Supreme Court promulgated the first rule pursuant to that Act. Sup. Ct. Rule 34, 117 U.S. 708. In 1925 when the Rules were revised it was renumbered Rule 42. 266 U.S. 685. Subsequently, in 1928, it was still given another number: Rule 45. 275 U.S. 629. The authority of Congress was reasserted in section 6(d) of the Act of February 13, 1925, 43 Stat. 936, 940. Upon revision of the United States Judicial Code in 1948, Congress repealed the Acts of 1886 and 1925. 62 Stat. 992. Although it also conferred upon all federal courts general power to adopt rules as to "the conduct of their business" (28 U.S.C.A. sec. 2071), this delegation does not seem to vest them with jurisdiction where it did not otherwise exist by specific statute. Cf. *Washington-So. Co.* v. *Baltimore Co.*, 263 U.S. 629, 635 (1924). But in 1954 the United States Supreme Court promulgated the new Rule 49 already cited. Presumably it does not consider the repeal of the Acts of 1886 and 1925 as a restriction to the court's power of regulating the bailing of prisoners pending appeal in habeas corpus proceedings. Cf. *Petition of Johnson*, 96 L. Ed. 1377, 1378 (n. 1); *Pino* v. *Nicolls*, 211 F. 2d 393, 395 (n. 1); and comments in 69 Harv. L. Rev. 752 (1956).

Criminal Procedure effective July 9, 1956. 100 L. Ed. 1530. Although this Rule governs only the granting of bail on appeal in criminal cases and not the granting of bail on appeal in habeas corpus cases, the latter being of a civil and not of a criminal nature, there is no reason to maintain the "substantial question" standard now that it has been changed, in criminal cases, for a more liberal test to the advantage of petitioner: "unless the appeal is frivolous or taken for delay." *Cf. Binion* v. *United States*, 352 U.S. 1028, 1 L. Ed. 2d 25, 76 S. Ct. 1063 (1956) ; *Roth* v. *United States*, 1 L. Ed. 2d 34, 77 S. Ct. 17 (1956) ; *Wolcher* v. *United States*, 100 L. Ed. 1521, 76 S. Ct. 254 (1955) ; *Petition of Johnson*, 96 L. Ed. 1377, 72 S. Ct. 1028 (1952) ; *Yanish* v. *Barber*, 97 L. Ed. 1637, 73 S. Ct. 1105 (1953) ; *Carlisle* v. *Landon*, 97 L. Ed. 1642 (1953). Likewise, in applying Rule 38, it seems reasonable to adopt the test incorporated in the new Rule 46 (a) (2) of the Federal Rules of Criminal Procedure: It is the duty of the government to persuade the court that there is no adequate reason why bail should be granted to the appellant. Under the old rule it was incumbent on the petitioner to show that there was reasonable ground to fix bail. Now the burden has been shifted on the government who is bound to show that there is ground for denying bail. *Binion* v. *United States, supra; Ward* v. *United States, supra; Right to Bail Before Conviction or Upon Review Thereof, Under Federal Criminal Procedure Rule 46(a) 1 and 2*, 1 L. Ed. 2d 1564–1580 (1957). And if there be any doubt as to whether bail should be granted, the doubt should be resolved in favor of the defendant because bail is basic to our system of law. *Cf. Stack* v. *Boyle*, 342 U.S. 1 (1951) ; *Herzog* v. *United States*, 99 L. Ed. 1299, 75 S. Ct. 349 (1955).

Consequently, the preliminary question arising in this incident should be stated thus: Is the appeal frivolous or has it been taken to delay the proceedings? We think not. Although in deciding the habeas corpus we did not find merits

in the constitutional question raised, yet it can not be classified as frivolous. It is obvious that the determination of whether the appeal is frivolous, *for the purpose of deciding if we have discretion to admit bail on appeal,* does not necessarily depend on our final conclusion thereon. To consider the appeal as not being frivolous, it is enough that the judges of the Court of Appeals, in examining the question raised, may conceivably differ. As Mr. Justice Douglas pointed out, even when applying the old "substantial question" test, we should only decide here the following: ". . . whether there is a school of thought, a philosophical view, a technical argument, an analogy, an appeal to precedent or to reason commanding respect that might possibly prevail . . . despite [our] own convictions on the merits, once [we] felt that . . . one judge [on appeal] would be likely to see merit in the contention . . ." and further ". . . the shadow of a doubt across [our] own conclusions is itself sufficient . . . *where bail is involved.*" *Herzog* v. *United States*, 99 L. Ed. 1299, 75 S. Ct. 349 (1955). (Italics ours.) Thus, in view of the constitutional question raised by appellant in this case, we conclude that the appeal is neither frivolous nor taken for purposes of delay. It remains to be considered whether, in the exercise of our judicial discretion derived from Rule 38, we should admit the defendant to bail.

Naturally, there is no formula guaranteeing an easy solution to this problem. But along general lines, we must consider as a whole the following factors: (1) whether the question raised is sufficiently important to be considered by the appellate court; (2) whether there is reason to believe that the defendant would flee or escape if he be released on bail; (3) whether there is basis to believe that the safety of the community would be jeopardized or that the defendant would commit other offenses while on bail; (4) the nature of the offense for which he was convicted. See Feldman and Fleming, *Considerations Involved in the Granting of Bail*

*Pending Appeal in the Federal Courts,* 25 Geo. Wash. L. Rev. 693 (1957); Smith, *Bail Pending Appeal in the Federal Courts,* 32 N.Y.U.L. Rev. 557 (1957); Yankwich, *Release on Bond by Trial and Appellate Courts,* 7 F.R.D. 271, 276–281. We turn therefore, to the remaining issue: how should these criteria be applied to the present case, keeping in mind the rule as to burden of proof.

■ In the first place, is a problem of sufficient importance involved in this case which should be considered by the Court of Appeals for the First Circuit? We believe this question should be answered in the affirmative. It is alleged that the provisions of Art. II, § 11, subd. 2 of the Constitution of the Commonwealth of Puerto Rico (L.P.R.A., vol. 1, p. 181) and § 185 of the Code of Criminal Procedure (34 L.P.R.A. § 612) in not requiring the unanimous vote of the jury to render a verdict of guilty in criminal cases, destroy the presumption of innocence and the rule that the defendant may not be convicted unless there is evidence establishing his guilt beyond a reasonable doubt, all in violation of appellant's rights protected by the Fifth and Fourteenth Amendments to the Federal Constitution. Although in our opinion the constitutional doctrine established by the Supreme Court of the United States is adverse to those contentions, there can be no doubt of the significance of this constitutional question in the administration of justice in Puerto Rico. Furthermore, the Supreme Court of the United States has deemed it convenient in many instances to examine to what extent the specific guarantees of the Bill of Rights, as contained in the first eight amendments to the Federal Constitution, are incorporated in the Fourteenth Amendment. See *Hoag* v. *New Jersey,* 26 U.S.L.W. 4307 (1958) and *Ciucci* v. *Illinois,* 26 U.S.L.W. 4340 (1958). Therefore, the issue raised in this case is of sufficient importance to be considered by the Court of Appeals for the First Circuit.

We must likewise note that there has been no showing in this case that appellant would attempt to flee if he be released on bail. As a matter of fact, appellant was once before on bail when the first sentence for first-degree murder was reversed, and he appeared at the new trial ordered by this Court. Nor is there any showing that the safety of the community would be jeopardized if appellant were released on bail, and no suggestion is made in the *Fiscal's* brief of such danger. As we noted earlier, the government has the duty to show, under Rule 38, that the standards for allowing bail have not been met. See *Binion* v. *United States, supra,* and *Ward* v. *United States, supra.*

■ Section 374 of the Code of Criminal Procedure (1935 ed.), 34 L.P.R.A. § 1215, provides that a defendant convicted of an offense entailing life imprisonment shall not be admitted to bail. Evidently, for that reason this Court was never asked to fix bond pending the appeal taken by defendant from the judgment of conviction in the case of murder in the first degree which is pending our determination. This legal provision is not applicable, directly or indirectly, to determine whether or not bail should be granted by us on appeal in this incident. But, on the basis of Rule 38, we have considered the nature of the offense for which appellant was convicted. Appellant was convicted of murder in the first degree and, clearly enough, that constitutes a factor which militates against the granting of bail. However, we believe that this consideration should not tilt the balance against petitioner, if we consider as a whole all the factors and circumstances which we have analyzed in the light of the rules of federal law on the matter. See Feldman and Fleming, *op. cit. supra,* 700–703; *Right to Bail Before Conviction or Upon Review Thereof, Under Federal Criminal Procedure Rule 46(a) 1 and 2,* 1 L. Ed. 2d 1564–1580.

For the reasons stated, appellant's petition is granted and, accordingly, he is admitted to bail, pending decision by

the United States Court of Appeals for the First Circuit of the appeal in the habeas corpus proceeding. In view of the serious nature of the crime of which he was convicted and of the other attendant circumstances, the bail bond is fixed in the sum of $25,000.