Ramón Antonio Fournier, peticionario y apelante, *v.* Balbino González, Alcaide de la Cárcel de Distrito de San Juan, demandado y apelado.

Número 12297.

*Sometido:* 16 de mayo de 1958. *Resuelto:* 23 de mayo de 1958.

*Ramón Antonio Fournier,* por su propio derecho; *Hon. Secretario de Justicia J. B. Fernández Badillo, Arturo Estrella, Secretario Auxiliar de Justicia* y *Alfredo Archilla Guenard, Fiscal del Tribunal Supremo,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR SALDAÑA emitió la opinión del Tribunal

Ramón Antonio Fournier Sampedro apeló ante la Corte de Apelaciones de los Estados Unidos para el Primer Circuito de la sentencia que dictamos en este caso con fecha 18 de abril de 1958. Amparándose en las disposiciones de la Regla 38 (*Habeas Corpus Proceedings*) de dicha Corte de Apelaciones, el 14 de mayo de 1958 solicitó, por su propio derecho, que le fijáramos una fianza razonable para permanecer en libertad mientras se tramita el referido recurso. El 15 de mayo de 1958 ordenamos a nuestro Fiscal que informara sobre dicha solicitud y al siguiente día éste rindió su informe. Se opone a la misma fundándose, en síntesis, en que no procede admitir fianza porque la referida apelación no plantea una cuestión sustancial, y además " . . . atendiendo a la política pública en esta jurisdicción de no conceder fianzas después de la convicción en casos de asesinato en primer grado. . .".

En lo pertinente, la citada Regla 38 dispone que: "Mientras esté pendiente la revisión de una sentencia denegando un *habeas corpus,* después de haber sido expedido el auto, el preso puede ser remitido a la custodia de la cual fué sustraído al expedirse el auto, o puede ser detenido bajo otra custodia adecuada, o puede ser excarcelado mediante fianza, *según la corte o el juez que dictó la sentencia estime apro-*

*piado dentro de las circunstancias del caso específico".*
28 U.S.C.A., *United States Courts of Appeals Rules*, pág.
122. (Bastardillas nuestras.) Como se indicó en *Pino* v.
*Nicolls*, 211 F.2d 393, 396 (C.A. 1, 1954), la Regla 38 incorporó en el Reglamento de la Corte de Apelaciones la antigua
Regla 45 de la Corte Suprema de los Estados Unidos, 306
U.S. 724. El nuevo Reglamento de la Corte Suprema de
los Estados Unidos, en vigor desde julio 1º de 1954, concede
la facultad de fijar fianza en las circunstancias antes mencionadas únicamente a la corte ante la cual se encuentre
pendiente el recurso de revisión o a uno de los jueces de la
misma. 346 U.S. 951, 999–1000 (Regla 49). Sin embargo,
la Corte de Apelaciones para el Primer Circuito ha mantenido en vigor su Regla 38, y a ella tenemos que acudir para
determinar la acción que este Tribunal estime apropiada
respecto a la moción de fianza del apelante.[1]

---

[1] Al disponer por primera vez que podría apelarse de la sentencia dictada en un caso de hábeas corpus, el Congreso de los Estados Unidos concedió a la Corte Suprema Nacional la facultad de establecer reglas respecto a la custodia del peticionario, pendiente una apelación. Además dispuso que si la Corte Suprema no establecía dichas reglas, las cortes federales de inferior categoría podrían establecer reglas similares. Ley de agosto 29, 1842, c. 257, 5 Stat. 539, según enmendada, *Stat. Rev.* sec. 765 (2ª ed. 1878). En 1886 la Corte Suprema promulgó la primera regla a tenor con dicha ley. *Sup. Ct. Rule* 34, 117 U.S. 708. En 1925 se conservó con el número 42, al revisarse el reglamento. 266 U.S. 685. Más tarde, en 1928, se le dió otra numeración: Regla 45. 275 U.S. 629. La autorización del Congreso se reafirmó en la sec. 6(*d*) de la Ley de 13 de febrero de 1925, 43 Stat. 936, 940. Al revisar el Código Judicial de los Estados Unidos en 1948, el Congreso derogó las leyes de 1886 y 1925. 62 Stat. 992. Aunque también concedió a las cortes federales autoridad general para establecer reglas sobre *"the conduct of their business"* (28 U.S.C.A. sec. 2071), esta delegación aparentemente no confiere jurisdicción alguna que no exista en virtud de otra ley específica. Cf. *Washington-Southern Co.* v. *Baltimore Co.*, 263 U.S. 629, 635 (1924). Pero la Corte Suprema de los Estados Unidos promulgó en 1954 la nueva regla 49 antes citada. Debe presumirse que no considera la derogación de las leyes de 1886 y 1925 como una restricción al poder de reglamentar la fijación de fianza en apelación en casos de hábeas corpus. Cf. *Petition of Johnson*, 96 L. Ed. 1377, 1378 (escolio núm. 1); *Pino* v. *Nicolls*, 211 F.2d 393, 395 (escolio núm. 1); y el comentario en 69 Harv. L. Rev. 752 (1956).

Si la apelación no es frívola y no ha sido instada para dilatar los procedimientos, este Tribunal tiene discreción para admitir fianza al apelante mientras se resuelve el recurso interpuesto contra nuestra sentencia. El criterio para determinar si podemos, bajo la Regla 38, fijar fianza en apelación no es ya el de si existe una cuestión sustancial a ser resuelta por el tribunal de apelación. A esa conclusión nos conduce el examen de las disposiciones de la nueva Regla 46 (*a*) (2) de Enjuiciamiento Criminal Federal que entró en vigor en julio 9 de 1956. 100 L. Ed. 1530. Aunque esta última regla rige solamente la concesión de fianza en apelación en casos criminales y no la concesión de fianza en apelación en recursos de hábeas corpus, por ser éstos de naturaleza civil y no criminal, no existe razón alguna para mantener el criterio de la "cuestión sustancial" después que éste ha sido reemplazado en los casos criminales por uno de alcance más liberal para el acusado, a saber, el de que la apelación no sea frívola o no se haya instado para dilatar los procedimientos. Cf. *Binion* v. *United States*, 352 U.S. 1028, 1 L.Ed.2d 591 (1957); *Ward* v. *United States*, 1 L.Ed.2d 25, 76 S. Ct. 1063 (1956); *Roth* v. *United States*, 1 L.Ed.2d 34, 77 S. Ct. 17 (1956); *Wolcher* v. *United States*, 100 L.Ed. 1521, 76 S. Ct. 254 (1955); *Petition of Johnson*, 96 L.Ed. 1377, 72 S. Ct. 1028 (1952); *Yanish* v. *Barber*, 97 L.Ed. 1637, 73 S. Ct. 1105 (1953); *Carlisle* v. *Landon*, 97 L.Ed. 1642 (1953). Asimismo, al actuar bajo la Regla 38, es razonable que adoptemos la norma que se incorporó en la nueva Regla 46 (*a*) (2) de Enjuiciamiento Criminal Federal: el gobierno tiene el deber de persuadir al tribunal de que no existe razón adecuada para admitir fianza al apelante. Antes correspondía al peticionario probar que existía un fundamento razonable para la concesión de fianza. Ahora toca al gobierno demostrar que existen fundamentos para negar la fianza. *Binion* v. *United States*, supra; *Ward* v. *United States*, supra; *Right to Bail Before Conviction or Upon Review Thereof,*

*Under Federal Criminal Procedure Rule 46 (a) 1 and 2,*
1 L. Ed. 2d 1564–1580 (1957). Y si existe duda en cuanto
a la procedencia de dicha fianza, la misma debe ser resuelta
a favor del acusado porque la fianza es una institución básica
de nuestro sistema de derecho. Cf. *Stack* v. *Boyle*, 342
U.S. 1 (1951); *Herzog* v. *United States,* 99 L.Ed. 1299,
75 S. Ct. 349 (1955).

En consecuencia la cuestión preliminar en este incidente
debe formularse así: ¿es frívola la apelación o ha sido ins-
tada ésta para dilatar los procedimientos? Creemos que no.
Aunque al fallar el *habeas corpus* en su fondo no encontra-
mos méritos en la cuestión constitucional planteada, la misma
no puede calificarse de frívola. Nos parece obvio que la
determinación sobre frivolidad, *a los fines de resolver si tene-
mos discreción para admitir fianza en apelación,* no depende
necesariamente de esa conclusión final nuestra. Basta que
sobre la cuestión planteada los jueces de la Corte de Ape-
laciones puedan concebiblemente discrepar para que no deba
considerarse frívola. Como señaló el Juez Asociado Sr. Dou-
glas, aún aplicando el antiguo criterio sobre *"cuestión sus-
tancial",* sólo debemos decidir en este momento lo siguiente:
" . . . si hay una escuela de pensamiento, un punto de vista
filosófico, un argumento técnico, una analogía, un precedente
o una razón que inspire respeto, que pueda posiblemente
prevalecer . . . a pesar de (nuestras) convicciones sobre los
méritos, una vez que . . . (creamos que) uno de los jueces
(en apelación) podría encontrar méritos en la conten-
ción . . . " y además " . . . la sombra de una duda sobre
(nuestras) propias conclusiones es en sí suficiente . . .
*cuando se trata de una fianza".* *Herzog* v. *United States,*
99 L. Ed. 1299, 75 S. Ct. 349 (1955). (Bastardillas nues-
tras.) Así pues, considerando la cuestión constitucional que
plantea el apelante en este caso, la apelación no es frívola
ni ha sido instada con fines dilatorios. Falta determinar si,
en el ejercicio de la discreción judicial que nos concede la
Regla 38, procede fijar la fianza solicitada.

Por supuesto no hay fórmula que dé una respuesta fácil al problema así planteado. Pero en líneas generales, tenemos que considerar en conjunto los siguientes factores: (1) si se plantea una cuestión de suficiente importancia para ser considerada por el tribunal de apelaciones; (2) si existe fundamento para creer que el acusado huiría o escaparía en caso de que se le excarcelara bajo fianza; (3) si hay base para creer que el acusado constituye un peligro para la comunidad o incurriría en otros delitos al permanecer en libertad bajo fianza; y (4) la naturaleza del delito por el cual fué convicto el acusado. Véanse Feldman y Fleming, *Considerations Involved in the Granting of Bail Pending Appeal in the Federal Courts*, 25 Geo. Wash. L. Rev. 693 (1957); Smith, *Bail Pending Appeal in the Federal Courts*, 32 N.Y.U.L. Rev. 557 (1957); Yankwich, *Release on Bond by Trial and Appellate Courts*, 7 F.R.D. 271, 276–281. Veamos cómo se aplican al presente caso, teniendo en cuenta la norma sobre el peso de la prueba.

En primer lugar, ¿hay en este caso un problema de suficiente importancia para ser considerado por la Corte de Apelaciones para el Primer Circuito? Creemos que sí. Se alega que las disposiciones del Artículo II, Sec. 11, inciso 2 de la Constitución del Estado Libre Asociado de Puerto Rico (1 L.P.R.A. pág. 190) y del art. 185 del Código de Enjuiciamiento Criminal (34 L.P.R.A. sec. 612), al no exigir unanimidad para que el jurado rinda veredicto en casos criminales, destruyen la presunción de inocencia y la regla de que el acusado sólo puede ser convicto mediante prueba más allá de duda razonable, en violación de los derechos del apelante al amparo de las Enmiendas V y XIV de la Constitución Federal. Aunque a nuestro juicio la doctrina constitucional establecida por la Corte Suprema Nacional es adversa a dichas contenciones, no hay duda de la importancia que el problema constitucional así planteado reviste para la administración de la justicia en Puerto Rico. Además, la Corte Suprema de los Estados Unidos ha creído conve-

niente en muchas ocasiones examinar hasta qué punto la Enmienda XIV incorpora las garantías específicas de la Carta de Derechos contenidas en las primeras ocho enmiendas de la Constitución Federal. Véanse *Hoag* v. *New Jersey*, 26 U.S.L.W. 4307 (1958), y *Ciucci* v. *Illinois*, 26 U.S.L.W. 4340 (1958). Por tanto, en este caso se plantea una cuestión de suficiente importancia para ser considerada por la Corte de Apelaciones para el Primer Circuito.

Es preciso consignar también que en este caso no hay indicación alguna de que el apelante trataría de escapar si se le excarcela bajo fianza. Como cuestión de hecho ya el apelante estuvo en libertad bajo fianza cuando se revocó la primera sentencia por asesinato en primer grado y compareció al nuevo juicio ordenado por este Tribunal. Tampoco hay indicación de que crearía un peligro para la comunidad poner en libertad bajo fianza al apelante, y en el informe del Fiscal no se ha planteado cuestión alguna relativa a ese peligro. Como señalamos anteriormente, bajo la Regla 38 corresponde al gobierno demostrar que no existe fundamento para la concesión de fianza. Véanse *Binion* v. *United States*, supra, y *Ward* v. *United States*, supra.

El art. 374 del Código de Enjuiciamiento Criminal (ed. 1935), 34 L.P.R.A. sec. 1215, provee que no se admitirá fianza en apelación a un acusado convicto de un delito que conlleve pena de reclusión perpetua. Por esa razón, evidentemente, nunca se solicitó de este Tribunal la fijación de fianza en el recurso de apelación interpuesto contra la sentencia por asesinato en primer grado, pendiente ante nos. Dicha disposición de ley no es aplicable, ni directa ni indirectamente, al resolver este Tribunal si procede o no admitir fianza en apelación en este incidente. Pero, bajo la Regla 38, hemos considerado la naturaleza del delito por el cual fué convicto el apelante. Se trata de un asesinato en primer grado, y eso sin duda constituye un factor que milita contra la concesión de fianza. No obstante, creemos que no debe inclinar la balanza en contra del peticionario, consi-

360

derando en conjunto todos los factores y circunstancias que
ya hemos analizado a la luz de las normas del derecho fede-
ral sobre la materia. Véase Feldman y Fleming, op. cit.
supra, 700–703; *Right to Bail Before Conviction or Upon
Review Thereof, Under Federal Criminal Procedure Rule
46 (a) 1 and 2*, 1 L. Ed. 2d 1564–1580.

Por las razones expuestas, *se declara con lugar la pre-
sente solicitud del apelante y se ordena que quede en libertad
bajo fianza mientras esté pendiente en este hábeas corpus
su recurso de apelación ante la Corte de Apelaciones de los
Estados Unidos para el Primer Circuito. Fijamos la fianza
que debe prestar el apelante en $25,000 considerando la gra-
vedad del delito por el cual fué convicto y las demás circuns-
tancias concurrentes.*