**In re GRAND JURY PROCEEDINGS.**
**Appeal of Joseph HOWALD, Appellant.**

No. 89–5522
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

June 26, 1989.

**850**

H. Louis Sirkin, Cincinnati, Ohio, for appellant.

Michael P. Sullivan, Asst. U.S. Atty., Miami, Fla., for appellee.

Before FAY, KRAVITCH and CLARK, Circuit Judges.

PER CURIAM:

Joseph Howald appeals from the denial of his motion for release from civil contempt for his failure to testify before Grand Jury 87–4 in Miami. Howald was subpoenaed to testify before the grand jury on November 8, 1988 but refused. The district court granted Howald statutory use immunity under 18 U.S.C. § 6003 on January 18, 1989. Because Howald still refused to testify, the district court held him in civil contempt that same day. On May 10, 1989, Howald filed a motion for release from confinement for civil contempt. After a hearing at which Howald testified, the district court denied that motion. Howald appealed.

Howald argues that the district court erred when it found that the civil contempt order had not lost its coercive power. Civil contempt is a coercive device imposed to secure compliance with a court order and if the circumstances illustrate that the sanction will not compel compliance, it becomes punishment and violates due process. *See Shillitani v. United States,* 384 U.S. 364, 371, 86 S.Ct. 1531, 1536, 16 L.Ed.2d 622 (1966); *Simkin v. United States,* 715 F.2d 34, 36–37 (2d Cir. 1983); *In re Grand Jury Proceedings (Braun),* 600 F.2d 420, 422 (3d Cir.1979). When faced with a motion to release a contemnor from a civil contempt order, therefore, the district court must make an individualized determination of whether there exists a realistic possibility that the contemnor will testify in the future. *Simkin,* 715 F.2d at 37; *see United States v. Sanchez,* 725 F.2d 29, 30–32 (2d Cir.1984). The trial judge need not accept a contemnor's avowal not to testify but must consider whether the circumstances reflect that there is no possibility that the contemnor will testify. *Simkin,* 715 F.2d at 37; *see Sanchez,* 725 F.2d at 31. That determination is within the sound discretion of the trial judge and a reviewing court should be reluctant to conclude that civil contempt has lost its coercive effect prior to the maximum time limit—eighteen months [1]—established by Congress. *In re Grand Jury Proceedings (Braun),* 600 F.2d at 427; *Simkin,* 715 F.2d at 37; *see Sanchez,* 725 F.2d at 31 (contemnor need not show "unusual circumstances" to justify finding that contempt order not coercive; he need only show that the circumstances demonstrate no realistic possibility of testifying).

In this case, Howald presented the district court with an affidavit stating that he refused to testify and that there was no possibility that he would change his mind in the future. The affidavit gives no reasons for the refusal but at the hearing Howald testified that he had received a threat before he appeared before the grand jury. In addition, he testified that the murder of an individual who was cooperating with the government during Howald's confinement reinforced his refusal to testify. After the hearing, the district court determined that it could not "say with certainty

---

1. 28 U.S.C. § 1826 authorizes the district court to confine a recalcitrant witness for the life of the grand jury or until he agrees to testify. In no event, however, can the term of confinement exceed eighteen months. A judge may in his discretion order confinement for a term of less than sixth months. *Simkin,* 715 F.2d at 37.

that continued confinement might not have the desired effect. Because this court is persuaded that there is a realistic chance that Joseph Howald may yet change his mind and testify, the motion is denied."

We do not believe the district court abused its discretion. The court made a conscientious effort to determine whether Howald would testify in the future. In addition to Howald's testimony about his fear for his safety, the court also considered that Howald had been confined for five months a great distance from his family in Ohio. Moreover, the court was able to consider Howald's demeanor at two hearings: the original contempt hearing and the hearing on the motion for release. We note that at the original contempt hearing Howald did not justify his refusal to testify based on threats against himself and his family.[2] However, at the motion for release hearing, he testified that he received a threat *before* he refused to testify. In addition, the district court heard testimony that Howald refused to ask the government for protection under the Witness Protection Program. A review of the transcript of the hearing on the motion to release therefore demonstrates that the district court properly focused on the circumstances of Howald's case.[3] Thus, we cannot say that the district court abused its discretion in finding that there is a realistic possibility that Howald will testify in the future.

Howald also argues that he has been confined in excess of the term imposed by the district court. The district court ordered that Howald was to be committed "for the duration of the Grand Jury or until such time as you are willing to testify in this matter." At that time, only five months of the grand jury's term remained;

however, in February 1988, the grand jury was extended a further six months. Howald argues that since the district court inquired about the time remaining on the grand jury's term, the court intended to confine Howald for only five months. This argument is without merit. The district court's statement made clear that Howald would be confined until he agreed to testify or until the grand jury's term ended. Since the grand jury was properly extended, Howard may still be confined.

We therefore hold that the district court did not abuse his discretion in determining that the civil contempt order might still serve its coercive purpose. Moreover, Howald is properly confined for the remainder of the grand jury as long as there remains a realistic possibility that he will testify. The order denying appellant's motion for release from contempt is AFFIRMED.

---

2. At the contempt hearing, counsel informed the court that Howald refused to testify because of a pending indictment against him in a related incident in Tennessee state court. According to counsel, Howald entered into a plea agreement with the state prosecutors which required him to cooperate with the DEA. After the DEA agent notified counsel and the prosecutor that Howald had complied, Howald attempted to enter his plea. The state judge, however, refused to accept the plea after the DEA agent testified that Howald had not completed his obligations.

Howald's counsel represented that Howald refused to testify before the Miami Grand Jury even pursuant to a grant of immunity because he feared it would be used against him in Tennessee.

3. This case is unlike *Simkin*, 715 F.2d at 38, where the district court order implied that the court denied the motion to release based on a desire to deter other contemnors rather than the individual circumstances of the appellant.