PER CURIAM:
 

 Younger raises only one issue in this appeal: whether the district court erred by ordering him to an indefinite term of incarceration for civil contempt for failure to comply with the court’s order to testify in a bankruptcy case. For the reasons stated below, we vacate the district court’s order and remand for further proceedings consistent with this opinion.
 

 I. FACTUAL BACKGROUND
 

 Harold F. Younger is the debtor in an involuntary Chapter 7 bankruptcy case filed by his ex-wife to enforce the property division provisions of a divorce decree. On June 25, 1992, Younger was arrested by the U.S. Marshal pursuant to Bankruptcy Rule 2005 to compel his attendance at an examination to be conducted pursuant to Bankruptcy Rule 2004. Younger does not challenge his initial incarceration pursuant to Bankruptcy Rule 2005. Younger refused to testify and invoked the Fifth Amendment. On July 13, 1992, the Magistrate Judge approved a grant of use and derivative use immunity for Younger and ordered him to testify. He again refused. On November 20, 1992, the district court found Younger in contempt of court for refusing to testify at the examination and ordered him incarcerated indefinitely until he fully complies with the July 13, 1992 order.
 

 II. STANDARD OF REVIEW
 

 The issue presented in this appeal is a question of law. Questions of law are reviewed
 
 de novo. O’Reilly v. Ceuleers,
 
 912 F.2d 1383, 1385 (11th Cir.1990).
 

 III.DISCUSSION
 

 Younger contends that any term of incarceration for civil contempt is subject to the limitations contained in 28 U.S.C. § 1826. Specifically, no term of incarceration can exceed the length of the court proceeding or eighteen months, whichever is less. Younger points out that this Circuit has recognized the eighteen-month limitation in connection with grand jury proceedings,
 
 In
 
 
 *1378
 

 re Grand Jury Proceedings,
 
 877 F.2d 849 (11th Cir.1989), and that other circuits have applied it to refusal to testify in a deposition,
 
 United States v. Johnson,
 
 752 F.2d 206 (6th Cir.1985), and to party as well as non-party witnesses.
 
 United States v. Mitchell,
 
 556 F.2d 371 (6th Cir.),
 
 cert. denied,
 
 434 U.S. 925, 98 S.Ct. 406, 54 L.Ed.2d 284 (1977). He states that the district court’s order should be modified to limit his incarceration to the lesser of the life of the bankruptcy case or eighteen months from June 25, 1992, the first day of his confinement.
 

 The Appellee contends,
 
 inter alia,
 
 that 28 U.S.C. § 1826 is not applicable to these proceedings.
 

 The issue of whether 28 U.S.C. § 1826 is applicable to a civil contempt order in bankruptcy cases is a question of first impression in this Circuit. In pertinent part, the statute provides that:
 

 (a) Whenever a witness in
 
 any
 
 proceeding before or ancillary to
 
 any
 
 court or grand jury of the United States refuses without just cause shown to comply with an order of the court to testify ... the court ... may summarily order his confinement at a suitable place until such time as the witness is willing to give such testimony.... No period of such confinement shall exceed the life of ... the court proceeding ... before which such refusal to comply with the court order occurred, but in no event shall such confinement exceed eighteen months.
 

 28 U.S.C. § 1826(a) (emphasis added). The plain language of the statute includes within its scope any proceeding before any court of the United States. There is no exception made in the statute for refusals to testify in bankruptcy cases. We hold that the district court erred in ordering that the Appellant be held for an indefinite term. By its clear language, 28 U.S.C. § 1826(a) requires that the term be limited by the lesser of the duration of the bankruptcy case or eighteen months.
 

 The Second Circuit was faced with virtually the same question presented by this appeal in
 
 In re Martin-Trigona,
 
 732 F.2d 170 (2d Cir.),
 
 cert. denied,
 
 469 U.S. 859, 105 S.Ct. 191, 83 L.Ed.2d 124 (1984), and came to the same conclusion. Like this case, the debtor in
 
 Martin-Trigona
 
 refused to answer questions in a bankruptcy case concerning the location of certain assets. Like this case, the district court had granted use and derivative use immunity to the debtor but the debtor continued to refuse to testify. As a result the district court held the debtor in civil contempt and ordered him incarcerated until he complied with the court’s orders. The question presented in
 
 Martin-Trigona
 
 was whether the provision of 28 U.S.C. § 1826(a) that authorizes confinement was applicable to a refusal to testify in bankruptcy proceedings. The court held that “[t]he use of the word ‘any’ indicates that Congress intended this section to apply to bankruptcy proceedings.”
 
 Id.
 
 at 174.
 

 Finally, Younger contends that the eighteen-month limitation on his incarceration should run from his initial incarceration on June 25, 1992. We do not agree. The language of 28 U.S.C. § 1826 limits only the confinement ordered for refusing to comply with the court’s orders. In this case, that limitation is on the confinement ordered on November 20, 1992. We hold that the confinement ordered by the district court on November 20, 1992, must be limited to the length of the bankruptcy case or eighteen months from November 20, 1992, whichever is less.
 

 Accordingly, the order of the district court is
 

 VACATED and REMANDED for proceedings consistent with this opinion.