**NATURAL GAS PIPELINE CO. OF AMERICA, Plaintiff,**

v.

**Louis A. FRITZ, et al., Defendants.**

**Civ. A. H–88–3202.**

United States District Court, S.D. Texas, Houston Division.

May 27, 1994.

Dennis Dylewski, Houston, TX, for plaintiff.

Bobby Mims, Tyler, TX, for defendants.

OPINION ON DENIAL OF RELEASE

HUGHES, District Judge.

1. *Introduction.*

On June 8, 1992, Navarro Crowson was remanded to the custody of the United States Attorney General in contempt for his refusal to comply with this court's order to answer interrogatories and produce documents. Crowson has moved to be released from custody under the recalcitrant witness statute, which, he contends, sets a maximum time of imprisonment at eighteen months for all testimonial coercive detention. Because the eighteen-month limit applies to contempt arising out of pre-trial and trial proceedings rather than to post-judgment discovery proceedings, Crowson's motion will be denied, and he will not be released until he rids himself of contempt.

2. *Background.*

The plaintiffs were awarded a judgment against Navarro Crowson in 1991. Since that time, they have attempted to collect it by determining where Crowson's assets are. In January 1992, this court ordered Crowson to answer interrogatories and produce the documents by the end of the month. Crowson did neither. In late March 1992, the court issued a show cause order for Crowson to appear on June 8. At the conclusion of that hearing, the court held Crowson in contempt for disobeying this court's order to produce documents and answer interrogatories, confining him until he complied. (See the history in *Natural Gas Pipeline Company of America v. Energy Gathering, Inc.*, 2 F.3d 1397 (5th Cir.1993)).

Since Crowson's incarceration, his creditors have vigorously continued their search for his assets, and he has continued to thwart them. Although he signed an agreed turnover order which authorized third parties to release his financial records, he has also endorsed checks and transferred money between accounts during his time in custody to avoid giving that money to the plaintiffs. He has also enlisted the aid of family members, banks, and friends in his efforts to keep his assets hidden. See *Id.* at 1403–04.

### 3. *Discussion.*

Crowson seeks to use the recalcitrant witness statute as an escape. 28 U.S.C. § 1826(a) (1994). He argues that under that statute a witness held in contempt for refusing to testify may not be incarcerated for more than eighteen months. This is the rule for grand jury proceedings.

■ Under the statute, the maximum time of confinement is either (a) the life of the proceeding, or (b) the term of the grand jury or eighteen months, whichever is shorter. 28 U.S.C. 1826(a) (1994). The eighteen-month maximum is part of the grand jury subparagraph, and it applies only to grand juries, not to confinements in other proceedings. *In re Neal,* 475 A.2d 390 (D.C.App.1984). The eighteen-month limit was added to the recalcitrant witness statute at the same time the potential grand jury term was increased from eighteen to thirty-six months. *See In re Andrews,* 469 F.Supp. 171, 174–75 (E.D.Mich 1979) (citing *Hearings before the Subcommittee on Criminal Laws and Procedures of the Committee on the Judiciary on the Organized Crime Control Act of 1969,* United States Senate, 91st Cong., 1st Sess. 463 (remarks of Lawrence Spieser)).

■ Although non-grand jury confinements may involve the same concern for adequate procedural safeguards that prompted Congress to limit those related to grand juries, those concerns were not translated into statutory limits. Adequate procedural protection has been furnished through frequent compliance hearings.

Four other aspects of this case assure the witness of procedural protection.

A. This is a post-judgment compulsion; the proponents of the disclosure have a court-demonstrated legitimate claim to the property that could be disclosed.

B. Preceding the civil judgment, there was a criminal judgment against him that arose from the transactions generating the witness's civil liability.

C. At his request, the witness was released temporarily. He said he wanted to be *able* to produce the information and assets the court ordered. When released, he filed bankruptcy, entered a hospital, and refused to reappear as ordered.

D. Since his post-flight arrest, the witness has been caught moving previously hidden funds to his allies from jail.

■ The statutory limit of eighteen months for a recalcitrant witness does not apply to a post-judgment refusal to disclose assets. This witness is a party who has had an opportunity to defend the merits of the underlying claim and who has demonstrated some continuing ability to comply. *See United States ex rel. Thom v. Jenkins,* 760 F.2d 736, 740 (7th Cir.1985).

The eighteen-month limitation has been applied to other non-grand jury proceedings. *See In re Younger,* 986 F.2d 1376 (11th Cir. 1993); *U.S. v. Mitchell,* 556 F.2d 371, 385 (6th Cir.), *cert denied,* 434 U.S. 925, 98 S.Ct. 406, 54 L.Ed.2d 284 (1977). Those cases involve pre-trial matters, as opposed to post-judgment discovery. Careless use of ellipses obliterates the distinction created by the limitation language's occurring only as part of the grand jury subparagraph. *See Younger,* 986 F.2d at 1378.

### 4. *Conclusion.*

The eighteen-month language applies to summary contempt arising out of grand jury proceedings and not to this case. Crowson's motion will be denied.