IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-21001
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PATRICK LYNN HAWKINS,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Texas
(CR-H-95-132-1)

_____

September 18, 1996

Before GARWOOD, JOLLY and DENNIS, Circuit Judges.[*]

PER CURIAM:

Patrick Lynn Hawkins appeals the district court's denial of
his motion to suppress the evidence seized during the search of his
motel room pursuant to a warrant.  He argues that the officers'
forcible, unannounced entry into his room was unreasonable under
the Fourth Amendment.  The record indicates that a confidential

_____

[*]Pursuant to Local Rule 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

informant had purchased drugs from Hawkins in his motel room and that the officers had reason to believe that Hawkins would have narcotics and possibly weapons in his motel room. Officers obtained a search warrant authorizing officers to search Hawkins' motel room for drugs and an arrest warrant for Hawkins. Officers had reason to believe that the manager of the motel was involved in drug-trafficking activity and might warn Hawkins if officers obtained a pass key to Hawkins' room. Experience also taught that coming to the motel in the daytime risked alerting suspects in this high crime area. The officers were also aware that the motel had a device in the parking lot which rang a bell in the manager's office when a vehicle entered the parking lot. They ran over the device immediately before entering the motel. The officers had legitimate concerns for their safety and in preventing the likely destruction of the narcotics if they announced their presence and purpose before entering the room. Under the circumstances, the officers' entry into Hawkins' room without knocking and announcing their purpose was not unreasonable under the Fourth Amendment. *See Wilson v. Arkansas*, 115 S.Ct. 1914, 1916 (1995).

AFFIRMED

2