[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 18, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15058
Non-Argument Calendar

_____

D. C. Docket No. 05-01162-CV-CAP-1

PHILIP ANTHONY BONADONNA,

Plaintiff-Appellant,

versus

UNKNOWN DEFENDANT,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(May 18, 2006)**

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Philip Anthony Bonadonna, a federal prisoner proceeding <u>pro se</u>, appeals the

district court's dismissal of his petition for writ of error coram nobis, pursuant to

28 U.S.C. § 1651, and the denial of his motion to amend that judgment, pursuant to Federal Rule Civil Procedure 59(e).[1] The district court dismissed Bonadonna's writ as frivolous, concluding that he had failed to exhaust the remedy provided by direct appeal and that the extraordinary remedy provided by the writ of error was therefore unwarranted. We conclude that Bonadonna's arguments are untimely and AFFIRM.

## I. BACKGROUND

On 4 April 1985, Bonadonna was haled before a grand jury where he refused to answer the grand jury's questions, even after the government offered immunity from prosecution. Bonadonna served seventeen months for civil contempt and is now incarcerated on charges related to the questions asked before the grand jury. He argues that his time spent in jail for civil contempt was actually criminal in nature and that he should have those seventeen months counted against his current sentence as time served.

In the district court, Bonadonna argued that, in 1985 grand jury proceeding, the government had other means of obtaining the information it was seeking from him and that the government knew that he would not testify regardless of their

---

[1] Bonadonna does not mention Rule 59(e) in his appellate brief, so we deem his arguments with regard to that rule abandoned. Allison v. McGhan Med. Corp., 184 F.3d 1300, 1317 n.17 (11th Cir. 1999) ("Issues that are not clearly outlined in an appellant's initial brief are deemed abandoned.").

2

offer of immunity. Therefore, he argued, the contempt order was merely punitive rather than an attempt to coerce testimony. The district court conducted a frivolity review pursuant to 28 U.S.C. § 1915A and found that the writ of error coram nobis was an extraordinary remedy that was not warranted in this case because Bonadonna had an alternative remedy, namely, he could have appealed his civil contempt order pursuant to 28 U.S.C. § 1826(b). On appeal, Bonadonna argues that the district court erred in dismissing his writ of error coram nobis because, although he had a right to appeal his 1985 civil-contempt sentence, his attorney dismissed the appeal without his permission.

## II. DISCUSSION

A district court's decision to dismiss for failure to state a claim under 28 U.S.C. § 1915A is reviewed de novo, taking the allegations in the complaint as true. See Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). We review a district court's denial of the writ of error coram nobis for an abuse of discretion. Alikhani v. United States, 200 F.3d 732, 734 (11th Cir. 2000) (per curiam). "The decision to alter or amend judgment is committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion." Am. Home Assur. Co. v. Glenn Estess & Assoc., Inc., 763 F.2d 1237, 1238–39 (11th Cir. 1985). First, we determine whether a writ of error coram nobis is the

3

proper procedural vehicle to obtain reconsideration of the original contempt order. Second, after concluding that the writ of error coram nobis is not the proper procedural vehicle, we broadly construe Bonadonna's pro se complaint to seek reconsideration under Rule 60(b) and analyze his request for reconsideration under the framework established by that rule.

A.  Writ of Error Coram Nobis

Bonadonna has styled this as an action for a writ of error coram nobis.  At common law, such a writ of error was taken from the judgment of the King's Bench and asked that the court review its own judgment, alleging errors of fact. Black's Law Dictionary 362 (8th ed. 2004).  Thus, the writ of error was functionally a motion for reconsideration.  However, the writ of error coram nobis has been abolished in civil cases, and the procedure for obtaining relief from a judgment in civil cases must be in the form of a Rule 60(b) motion or independent action.[2]  United States v. Mills, 221 F.3d 1201, 1203 n.2 (11th Cir. 2000); see Fed.

---

[2]  In criminal matters, "[f]ederal courts have authority to issue a writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651(a).  The writ of error coram nobis is an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice."  United States v. Mills, 221 F.3d 1201, 1203 (11th Cir. 2000).  "The bar for coram nobis relief is high," and the writ may issue only when (1) "there is and was no other available avenue of relief"; and (2) "the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid."  Alikhani, 200 F.3d at 734 (quotations omitted).  A district court "may consider coram nobis petitions only where no other remedy is available and the petitioner presents sound reasons for failing to seek relief earlier."  Mills, 221 F.3d at 1204.

R. Civ. P. 60(b).

Bonadonna challenges a contempt order from 1985. A federal district court may order the confinement of "a witness in any proceeding before . . . [a] grand jury of the United States [who] refuses without just cause shown to comply with an order of the court to testify," with the period of confinement not to exceed the lesser of the remaining term of the grand jury or 18 months. 28 U.S.C. § 1826(a). The confinement order is appealable, and the appeal must be adjudicated within thirty days. 28 U.S.C. § 1826(b). We have previously emphasized the importance of context in determining when a civil contempt order becomes criminal contempt for proceedings that occur regarding testimony before a grand jury.[3]

Here, there is no dispute that in 1985 the district court employed § 1826 to incarcerate Bonadonna through the end of the grand jury's term, which means that the contempt proceeding was civil in nature, because that statute provides the mechanism to compel testimony before a grand jury. Bonadonna wishes to contest

---

[3] See, e.g., In re Grand Jury Proceedings, 877 F.2d 849, 850 (11th Cir. 1989) (considering an appeal from the denial of appellant's motion for release from a civil contempt order based on his failure to testify before a grand jury). The difference between civil contempt and criminal contempt is whether the order is being used to compel someone to obey the court, as is the case with civil contempt, or whether the order is used solely to punish, as is the case with criminal contempt. See Shillitani v. United States, 384 U.S. 364, 368–71, 86 S. Ct. 1531, 1534–36 (1966). We held that "a reviewing court should be reluctant to conclude that civil contempt has lost its coercive effect prior to the maximum time limit." In re Grand Jury Proceedings, 877 F.2d at 850. Bonadonna was held in contempt for less than the maximum limit.

the substance of the civil characterization of his contempt order, but that judgment is long since final, so he seeks to revisit the issue through this writ of error coram nobis. As we observed previously, the writ of error coram nobis is functionally a motion for reconsideration.

Generally, both the underlying merits and the denial of a motion for reconsideration are on appeal. Stone v. INS, 514 U.S. 386, 401–03, 115 S. Ct. 1537, 1547–48 (1995). However, in this case, the merits of whether the 1985 contempt order was civil or criminal in nature belong to a judgment that is long since final and unappealable. See Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir. 1993) . Thus, we review the denial of Bonadonna's writ of error coram nobis as the denial of a motion to reconsider the nature of the 1985 contempt order, and we conclude that, because the merits of whether the proceeding was civil or criminal are not currently on appeal, we must treat these as civil proceedings for purposes of our review. However, the writ of error has been abolished in civil cases, and Bonadonna's application for a writ of error coram nobis is, therefore, the improper method to obtain reconsideration of the 1985 civil contempt order.

B. Motion for Reconsideration

Because we liberally construe pro se pleadings, Brown v. Johnson, 387 F.3d

6

1344, 1350 (11th Cir. 2004), we will review Bonadonna's petition for a writ of error coram nobis as a motion for reconsideration pursuant to Rule 60 of the Federal Rules of Civil Procedure. Rule 60(b) allows a party to be relieved from a judgment due to: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which could not have been discovered earlier with due diligence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; (5) a judgment that has been satisfied, released, discharged, reversed or vacated; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).

However, motions filed pursuant to Rule 60(b) must be filed within a reasonable time, "and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." Id.; see also Gonzalez v. Crosby, ___ U.S. ___, 125 S. Ct. 2641, 2650–51 (2005) (holding that Rule 60(b)(6) relief is not available when the plaintiff had not acted diligently in pursuing review of the issue previously). Bonadonna has provided no explanation for why he has waited almost twenty years to request reconsideration. Thus, we conclude that the delay was unreasonable and, therefore, affirm the district court's judgment.[4]

_____

[4] "If the judgment entered is correct, we may affirm the district court on any legal grounds regardless of the grounds addressed, adopted or rejected by the district court." Novak v.

7

## III. CONCLUSION

Bonadonna sought a writ of error coram nobis from the district court in order to reduce the sentence that he is currently serving. However, the writ of error he seeks is not available in civil cases, and, because Bonadonna has proceeded <u>pro se</u>, we have construed his request as a Rule 60(b) motion for reconsideration. We conclude that Bonadonna did not seek relief within a reasonable time. Because the district court properly found that Bonadonna was not entitled to a writ of error coram nobis, we **AFFIRM**.

---

<u>Irwin Yacht & Marine Corp.</u>, 986 F.2d 468, 470 (11th Cir. 1993) (quotations omitted).